## James A. Storer *vs.* Lizzie E. McGaw.

If on a plea of tender in a police court the money is not actually put into the custody of the court, but is brought in by the defendant and offered to and until the rendition of judgment always kept ready for the plaintiff, who refuses to take it, putting his refusal on the sole ground that he claims more, and after judgment for the plaintiff the defendant appeals and pleads the same tender in the superior court, and pays the money to the clerk, it is too late for the plaintiff to object to the defendant's irregularity, in omitting to put the money into the custody of the police court.

Contract upon an account annexed, commenced in the police court of Lawrence and brought by appeal to the superior court, where judgment was rendered for the defendant, upon facts which are stated in the opinion. The plaintiff alleged exceptions.

*S. B. Ives, Jr.*, for the plaintiff, cited *Claflin* v. *Hawes*, 8 Mass. 261, *Carley* v. *Vance*, 17 Mass. 389 ; *Le Grew* v. *Cooke*, 1 B. & P. 332; *Cox* v. *Robinson*, 2 Stra. 1027 ; *Stevenson* v. *Yorke*, 4 T. R. 10.

*E. J. Sherman,* for the defendant, cited *Sheriden* v. *Smith,* 2 Hill, 538; *Earle* v. *Earle,* 1 Harrison, (N. J.) 273; *Cullen* v. *Green,* 5 Harring. (Del.) 17; *Knox* v. *Light,* 12 Illinois, 86 · *Freeman* v. *Fleming,* 5 Iowa, 460; *Seibert* v. *Kline,* 1 Penn. State R. 38; *Keys* v. *Roder,* 1 Head, (Tenn.) 19; *Wurren* v. *Nichols,* 6 Met. 261; 1 Tidd Pr. 622.

COLT, J. The defendant in her answer in the police court properly pleaded a tender of the amount due the plaintiff, alleging a *profert in curia.* It appears that the amount tendered was not actually placed in the custody of the court, but at the trial when the answer was filed she produced the money and offered it in open court to the plaintiff, and was there ready to pay the same until the judgment was rendered. The plaintiff refused to accept the amount so tendered and produced in court, making no other objection than that he was entitled to recover a larger sum. The judgment of the police court being for the plaintiff, the defendant appealed to the superior court, and upon the entry of her appeal at December term 1864 the amount of the tender was paid to the clerk under the rule, and an answer filed, in which the tender was pleaded with profert. No other pleadings were filed in the case, and it was continued to March term 1865, when at the trial the plaintiff asked the court to rule that the plea of tender was bad, because the defendant " had not made *profert in curia* of the money in said court." The judge refused the request, and the plaintiff alleged exceptions.

A plea of tender must be accompanied with a *profert in curia,* and the omission of the profert in the plea was held, in *Carley* v. *Vance,* 17 Mass. 389, cited by the plaintiff, to be good ground of demurrer. There was no such omission in this case. The profert was properly pleaded. The objection is, that in fact it was not complied with by placing the money in the actual custody of the court. Assuming that this neglect on the part of the defendant was sufficient to avoid the plea, if the objection had been seasonably taken, and that in justices' and police courts the money must be placed in the hands of the clerk, or if there is no clerk, in the keeping of the magistrate, the inquiry remains whether the plaintiff has exercised proper diligence, and

has so conducted as not to have waived the advantage of which he might at the proper time have availed himself.

The failure to pay money into court under a plea of tender is not a traversable part of the plea, to be tried as a question of fact to the jury. It is an irregularity of practice. In *Sheriden* v. *Smith*, 2 Hill, 538, Nelson, C. J., says : " It is a point of practice to be dealt with summarily, like all questions of that kind. The omission to pay in the money was but an irregularity, which the plaintiff waived by accepting a plea, and taking issue upon it."

The principle that the effect of an error is obviated by the acquiescence of the party who might take advantage of it is extensively applied in all branches of our jurisprudence, and in none more frequently and usefully than in matters of pleading and practice. It is unnecessary to cite many authorities from our reports. One of the latest will suffice. By *St.* 1852, *c.* 312, § 9, it was enacted that if no declaration should be inserted in the writ, and none filed in the clerk's office on or before the day when the writ is returnable, such omission should be a discontinuance of the action. In *Clark* v. *Montague*, 1 Gray, 446, the defendant, after the action had been several terms in court, moved to dismiss it because this statute had not been complied with, alleging that he then first knew of the omission. But Merrick, J. said : " Parties are not required to insist upon every privilege which is given, or every right which is secured to them. It is a general rule that at their pleasure all irregularities and defects may be waived. This has very often been held, in many cases, and under a great variety of circumstances. Imperfect service, informality in a writ, an erroneous teste, not conforming to the direction on that subject in the constitution, the want of a seal required by law, are instances of irregularities which may be waived. . . . . . Nor is it necessary that a waiver should be shown by any direct declaration or entry upon the record; but it may be inferred or deduced from the course of proceeding or conduct of a party.["]

We can see no reason why this principle should not be applied to the present case. The payment into court is a requirement

for the plaintiff's benefit. He certainly may waive it. In this case he expressly refused to accept it, because he claimed more and made no objection at the police court to the retention of the money by the defendant. No injury or delay accrued to him. He made no application for the money. And on the entry of the appeal payment was properly made to the clerk of the superior court. If he intended to rely on this omission, it was his duty to bring the matter to the attention of the court or of the defendant at an early stage of the case, when she might have been able to save the cost and expense of the continuance and trial, or might have remedied the error, in part at least, by an offer to be defaulted under the statute, or on payment into court under the common rule. By the plaintiff's silence she has lost these privileges, if now the tender is held invalid. The case presented is not like the case cited by the plaintiff of *Claflin* v. *Hawes,* 8 Mass. 261. The plaintiff in that case called for the money tendered, and it appeared that it had never been brought into court; and a motion for judgment for the plaintiff, *non obstante veredicto,* was granted.

We think this is to be classed with those cases in which errors and irregularities in the proceedings have been held cured by failure to object until cost and expense have accrued which would have been wholly or partly saved by timely notice to the party in fault.                                    *Exceptions overruled.*