HORACE GILPATRICK *vs.* STEPHEN L. RICKER, appellant.

York.    Opinion December 27, 1889.

*Tender.    Profert in curiâ.    Waiver.    Practice.*

It is settled law in this state that a tender can only be kept good by payment into court on the first day of the term.

*Profert in curiâ* is not a traversable part of a plea of tender.

A plaintiff may waive the payment of money into court, upon plea of tender, so long as the court does not interfere; and if the money be paid in before the plaintiff moves for relief on account of its non-payment, the irregularity is cured.

The plaintiff, after payment of the tender into court having allowed the case to proceed to trial as on a plea of *non assumpsit* to the balance of his claim, requested the court to rule that the tender had not been kept good. *Held,* that he had waived the point, and that the request came too late.

On motion and exceptions.

This was an appeal from a trial justice's court, for York county, in which judgment was rendered for the plaintiff in an action of assumpsit on account annexed. In that court the defendant relied on a tender.

After verdict, in this court, in favor of the defendant, the plaintiff moved to set the verdict aside as against law and evidence and excepted to matters of law as appears in the opinion.

*H. V. Moore and L. S. Moore,* for plaintiff.

*F. M. Higgins,* for defendant.

HASKELL, J. The plea of tender of money without *profert in curiâ* is bad on demurrer; *Carley* v. *Vance,* 17 Mass. 389; and, without the *profert* made good by the actual payment of the money into court, is a nullity and need not be noticed or replied to by the plaintiff. *Sheridan* v. *Smith,* 2 Hill, 538. It is settled law, in this state, that a tender can only be kept good by payment of the money into court upon the first day of the term. *Pillsbury* v. *Willoughby,* 61 Maine, 274; *Reed* v. *Woodman,* 17 Maine, 43. Even after verdict for the defendant upon a plea of tender, where the money had not been paid into court, judgment was rendered for the plaintiff. *Claflin* v. *Hawes,* 8 Mass. 261.

The *profert in curiâ* is not a traversable part of the plea. It is a present averment, to be accompanied by an act of which the court takes notice as done in its presence, and shown by its own records. Failure to make the *profert* good is an irregularity, to be dealt with summarily by the court. Without the money paid in, it would be a waste of time to try the issue of tender, inasmuch as, if the tender be established by a verdict, it would be unjust to give judgment for the defendant and leave the plaintiff's admitted debt unpaid. Complete justice could only be done, in such case, by giving judgment for the plaintiff *non obstante veredicto,* as was done in *Claflin* v. *Hawes, supra,* and as ought to have been done before the trial.

The plaintiff, however, may waive the payment of money into court, so long as the court does not interfere to save its own time

from waste on immaterial issues. He may do this by traversing or replying to a plea of tender, where the *profert in curiâ* has not been made good; and if the money be paid in, before the plaintiff moves for relief on account of the want of it, the irregularity is cured. *Storer* v. *McGaw*, 11 Allen, 527; *Reed* v. *Woodman* is not authority against this doctrine, for there, the money was paid in on the 17th day of the term, and *non assumpsit* pleaded as to the balance of plaintiff's claim. The verdict was for the defendant, and the court reserved the question of costs arising from the supposed tender, and decided that it had not been kept good. There had been no plea of tender, and the plaintiff did nothing to waive his rights. He, therefore, his debt being paid, had judgment for his costs.

In this case, the defendant, upon the return day of the writ before a magistrate, pleaded tender before action brought, with *profert in curiâ* of one half the sum sued for; and the record shows that the money was then tendered to the plaintiff, who refused it. The money was not taken and retained by the magistrate as it should have been, but was retained by defendant's counsel. The plaintiff, without first insisting that the *profert* be made good, traversed the defendant's plea of tender and averred a greater sum due. Without issue joined or other pleadings in the case, than those mentioned, it was tried before the magistrate, who gave judgment for the plaintiff for the full amount of his claim; and the defendant appealed to the court below, where on the 15th day of the term, and before the trial, he paid his tender into court. The case was there tried without further pleading, and the jury found that the defendant did not promise, and that the tender had been legally made and kept good.

The proceedings are irregular from the beginning to the end; and more from the fault of plaintiff's counsel than from any other cause. In the first place, when the money was tendered him, he might have taken it, although intending to deny the tender. 15 Petersd. 22; 1 Bos. & Pul. 332; 6 Bacon, 465; 5 Dane, 501. When he did not take it, he should have seen that the magistrate did take it, before he replied to defendant's plea, for until the *profert in curiâ* had been made good, the plea was a nullity

and no defense to the action. He elected to traverse the plea, without first insisting upon his security, and he thereby waived the payment of the money into court until he should call for the same, which he did not do until the irregularity had been cured by its payment into court that, in the eye of the law, was payment to the plaintiff.

At the trial, plaintiff's counsel requested the court to charge the jury, in substance, that the tender had not been kept good. The request came too late ; he had waived the point. He allowed the case to proceed to verdict as on a plea of *non assumpsit* to the balance of the plaintiff's claim, after the money paid into court had been deducted from it, and was cast upon the issue. He cannot now insist upon the irregularity. He took his chance to win, and lost, and must abide the result. *Strout* v. *Durham*, 23 Maine, 483.

The money paid into court belongs to the plaintiff. It is a payment upon his claim, and cannot be withdrawn by the defendant. In no event could that part of his claim so paid have been included in a judgment in his favor. *Call* v. *Lothrop*, 39 Maine, 434. The evidence shows a tender legally made, and sustains the verdict, that no more was due.

*Motion and exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, EMERY and FOSTER, JJ., concurred.