# The Cleveland, Cincinnati, Chicago and St. Louis Railway Company *v.* The Anderson Tool Company.

[No. 22,121.    Filed November 20, 1913.]

1. CARRIERS.—*Carriage of Goods.—Delivery.—C. O. D. Shipments.* —Where a carrier, in the usual course of business, receives property for carriage against which charges are lodged, it cannot voluntarily deliver the property without receiving payment of the charges.  p. 458.

2. CARRIERS.—*Carriage of Goods.—C. O. D. Shipments.—Replevin of Goods.—Liability.*—Where a shipment of goods is made with charges lodged against the same, and the property is taken from the carrier by proceedings at law, the carrier need not defend the action, but is relieved from expense or liability, if it notifies the consignor, sees that the proceedings are regular, and acts on the adjudication made.  p. 458.

3. CARRIERS.—*Carriage of Goods.—C. O. D. Shipments.—Replevin of Goods.—Recovery of Charges Advanced.*—Where goods, shipped with charges attached, are taken from the carrier by proceedings at law, the carrier must look to the consignor or to the connecting carrier for reimbursement for any charges advanced other than for cost of carriage.  p. 459.

4. CARRIERS.—*Carriage of Goods.—C. O. D. Shipments.—Advancement of Charges by Carrier.—Replevin.*—Where there was evidence that the carrier had been notified by the consignee not to advance charges on return shipments to consignee without its consent and guaranty of payment, it could not withhold delivery of such shipment until C. O. D. charges, exclusive of carriage charges, advanced to a connecting carrier had been paid, since

the advancement was a voluntary payment of charges which by the terms of the shipment were collectible from the consignee on delivery.  p. 459.

5.  CARRIERS.—*Carriage of Goods.—C. O. D. Shipments.—Notice.— Advancement by Carrier.*—The fact that C. O. D. charges are laid against a shipment when received, is in and of itself notice that the charge is for something other than the charges for carriage and the carrier is not bound to pay them.  p. 459.

6.  CARRIERS.—*Carriage of Goods.—Freight Charges.—Tender.—* Where a carrier refused to deliver a shipment until certain charges advanced by it in addition to the freight charges were paid by the consignee, and there was no controversy as to the amount of the freight charges, and the carrier's course at all times indicated that a tender of the amount of the freight charges would not be received, and it so declared; and at no time receded from this position, the consignee's failure, in a suit to replevy the goods, to make the tender good by payment into court will not defeat recovery, since ordinarily a tender need not be kept good when it appears that it will not be accepted.  p. 460.

From Madison Circuit Court; *Charles K. Bagot,* Judge.

Action by The Anderson Tool Company against The Cleveland, Cincinnati, Chicago and St. Louis Railway Company.  From a judgment for plaintiff, the defendant appeals.  (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.)  *Affirmed.*

*John W. Lovett* and *G. B. Slaymaker,* for appellant.
*J. A. Van Osdol,* for appellee.

MYERS, J.—Action by appellee against appellant to replevy nine gas engines, some engine parts, and pump jacks. The complaint was in one paragraph, against appellant and the Chicago and Alton Railroad Company.  The latter filed a plea in abatement, under which it went out of court.  Appellant unsuccessfully demurred to the complaint, and answered in general denial, and by a special answer; to the latter a demurrer was sustained, and the cause went to trial on the complaint and general denial.  The only error assigned and not waived is in overruling the motion for a new trial.  The verified complaint alleges ownership of the prop-

erty by appellee, describing it, of the value of $500, its unlawful detention by appellant, followed by an offer to pay $47.94, the amount of freight earned for its carriage, and to abide the order of the court.    Demand for judgment for possession and $100 damages.    The judgment was that appellee is entitled to possession of the property on payment of $47.94 into court for the use of appellant.    Appellant recovered its costs.    The Acme Harvester Company was not a party, and there is no evidence that it was notified, or had notice of the action.

On March 3, 1904, the Acme Harvester Company, at Kansas City, Missouri, delivered to the Chicago and Alton Railroad Company the property which was the subject of this action, consigned to appellee, at Anderson, Indiana.    The shipment was received in the usual course of business of the Chicago and Alton Railroad Company as a common carrier of goods for hire.    At the time the shipment was received at Kansas City the consignor placed a C. O. D. charge in a lump sum against the goods, to be collected before the goods were delivered to the consignee.    The Chicago and Alton Railroad Company paid the charge of $71.79 to the Acme Harvester Company, carried the goods to East St. Louis, and there turned them over to appellant.    Appellant paid the Chicago and Alton Railroad Company the charge of $71.79, together with the latter's freight charges to that point, in all $100.83, and $2.42 for drayage from the Chicago and Alton Railroad Company's depot to the appellant's depot.    Appellant carried the goods to Anderson, Indiana, and, on April 5, 1904, there offered to deliver the goods to the appellee upon payment of the freight charge for the through carriage, and the charge of $71.79 put by the consignor of the goods against them.    The whole transaction was in the usual course of the carrier's business, and the goods, when received, were believed to be the property of the Acme Harvester Company.    It was the custom of carriers to accept for shipment goods to which were attached C. O. D.

charges.   The consignee refused to accept the goods upon the terms on which appellant offered to deliver them, and tendered the amount of the freight charges only, refusing to pay the C. O. D. charge of $71.79.   Appellant refused to make delivery upon any other condition than the payment by the consignee of the freight charges, $47.92, and the C. O. D. charges of $71.79.   Thereupon appellee brought this action in replevin against appellant.   The tender money was not paid into court, and the tender was in no way kept good, but was paid into court three days after the judgment was rendered.

It appears that on January 23, 1903, appellee made a contract in writing with the Acme Harvester Company, of Peoria, Illinois, having a branch at Kansas City, Missouri, for sale on commission by the latter of gas engines and parts, of appellee's manufacture.   Thereafter appellee shipped to the Acme Harvester Company, at Kansas City, the property which is the subject of this action, which remained the property of appellee.   A controversy arose subsequently between appellee and the Acme Harvester Company, and appellee ordered the Acme Harvester Company to return the property to appellee at Anderson.   Of these facts, however, the carrier knew nothing, but assumed and believed that the goods were the property of the Acme Harvester Company, receiving and handling the shipment in the usual course of business.   The Acme Harvester Company now claims that the charge of $71.79 consisted of freight, carting and drayage paid by it on shipments from appellee to it, and for commissions earned.   Appellee claims that the Acme Harvester Company is, instead, indebted to it, but of these facts appellant and the Chicago and Alton Railroad Company knew nothing.   The engines had plates on them, bearing the name of appellee and its address, together with the trade name, "The Anderson."   Whether this was discernible as the goods were shipped, or offered for shipment, or whether it was noted by the carriers, does not appear.   There is

testimony by appellee's general manager that before this consignment he told the agent of appellant at Anderson not to advance any charges on any items manufactured by appellee, and being returned to it, without first receiving appellee's permission to advance such charges, and that appellant's agent said that he would notify their connecting lines not to accept shipments with advance charges for appellee without first receiving its consent and guaranty to pay such charges. There is evidence by appellant's agent as to his having received such instructions, but he thinks it was a year or two later than this transaction. There is, however, no other evidence to show that either carrier knew that the goods carried were a return shipment, or that they were of the appellee's manufacture. Appellee itself gave no notice to the Chicago and Alton Railroad Company respecting such charges. No express authority was ever given appellant to advance any charges on shipments on appellee's account.

It is the contention of appellant that a common carrier is so far bound by its contract of carriage in receiving property against which collection charges are lodged, in the usual course of business, that delivery can only be made upon the conditions imposed, which become the contract of carriage, and that it is immaterial whether the shipper is entitled to the charges lodged against the property or not, and that he cannot safely deliver without the charges being paid, and that it is not a question of a lien of the carrier, but of right of possession in the consignee, where the charges are apparently just, and there is no notice to the carrier that the charges are wrongful, if they are in fact so, and that where the owner clothes another with apparent authority to deal with property as his own, and the carrier receives it in good faith, in the usual course of business, the consignee has no right to delivery, without payment of the charges, because of the duty owing to the consignor by the carrier. On the other hand, appellee claims that appellant is only entitled to a lien for the charges for the carriage, and such as

may be incident to the transportation in order to continue the transit, and that the last carrier advances any charges to the preceding carrier at its own risk, and that if the property is held for any other charge, replevin will lie, and that it is only liens created by agreement with the owner (equitable or otherwise) which can be transferred, and that liens conferred by common law, or statute, depending on continued possession, as for services rendered to the property, cannot be transferred, so as to confer the right to a lien upon the consignee for the claim.

It will not be necessary to determine these various contentions, except as they may be involved in the following propositions, which may be regarded as settled in this jurisdiction.      First, that a carrier which, in the usual

1. course of business, receives property for carriage, against which charges are lodged, cannot voluntarily deliver the property without receiving payment of the charges.      *United States Express Co.* v. *Keefer* (1877), 59 Ind. 263; *Ohio, etc., R. Co.* v. *Yohe* (1875), 51 Ind. 181, 19 Am. Rep. 727; *Meyer* v. *Lemcke* (1869), 31 Ind. 208; *Murray* v. *Warner* (1875), 55 N. H. 546, 20 Am. Rep. 227; *American, etc., Express Co.* v. *Schier* (1870), 55 Ill. 140; *American, etc., Express Co.* v. *Lesen* (1866), 39 Ill. 312; *Stiles* v. *Davis & Barton* (1861), 66 U. S. 101, 17 L. Ed. 33; *Collender* v. *Dinsmore* (1873), 55 N. Y. 200, 14 Am. Rep. 224; *Lane* v. *Chadwick* (1888), 146 Mass. 68, 15 N. E. 121; Moore, Carriers 199; Hutchinson, Carriers (3d ed.) §§727, 864.

On the other hand, if the property is taken from

2. it by proceedings at law, it then becomes in custody of the law, and the carrier is under no duty to defend the action, or incur expense or liability, further than to notify the consignor, and to see that the proceedings by which it is taken are regular, and wait until the matter is adjudicated.      If the consignor fail to come in on notice and defend the action, the carrier is relieved, provided the proceedings are regular, and it acts on

MAY TERM, 1913.    459

Cleveland, etc., R. Co. *v.* Anderson Tool Co.—180 Ind. 453.

the adjudication made.    It cannot be required to enter into the controversy between the respective claimants, and if it makes advances for other than the costs of carriage, must look to the delivering carrier, or the consignor, for its reimbursement of charges advanced, though as to the costs of carriage, it may hold the property. *Ohio etc., R. Co.* v. *Yohe, supra; Stiles* v. *Davis & Barton, supra; Pingree* v. *Detroit, etc., R. Co.* (1887), 66 Mich. 143, 33 N. W. 298, 11 Am. St. 479.

Neither is it necessary to determine the question whether charges advanced by the last carrier on account of claims other than those incident to the continuance of the carriage itself, are a lien on the property carried, for the reason that there is evidence here that appellant, before the advances were made, had been notified not to advance charges on return shipments to appellee, without its consent, and guaranty of payment.    The fact that C. O. D. charges are laid against a shipment when received, is in and of itself notice that the charge is for something other than the charges for carriage, and the carrier is not bound to pay them.    Here the charges were not charges for carriage, neither were they required to be paid by successive carriers as an incident of the transportation, but were collectible by the terms of the contract from the consignee, on delivery, or as a condition precedent to delivery, and this fact is of controlling force here, because appellant paid these charges voluntarily, whereas had it refused to pay, and there had been a refusal by appellee to pay, appellant would not have been at any disadvantage, and the judgment here, after notice to the consignor, would have been a defense to appellant, while to hold otherwise would require the consignee of property who is in fact the owner, to pay charges laid against it wrongfully, as well as rightfully, and then possibly go to a foreign jurisdiction to recover an unjust charge, whereas the carrier is in a situation at all times to protect itself.

Appellant complains of the insufficiency of the evidence because the tender was not kept good by its payment into court. The object of a tender is to enable the other party to accept, and thus escape further liability at any stage of the proceeding. There was no controversy over the amount tendered, which is conceded to have been correct, unless appellant must have paid or tendered the other charges before maintaining replevin. This we have seen appellee was not required to do. Appellant's course has at all times indicated that the tender made would not be received, and so declared, and ordinarily a tender need not be kept good when it appears that it would not be accepted. Appellant defended solely on the ground that the other charges must also have been tendered, and there was no time when it receded from this position. It was held in *Adams Express Co.* v. *Harris* (1889), 120 Ind. 73, 77, 21 N. E. 340, 7 L. R. A. 214, 16 Am. St. 315, that a carrier's denial of the possession of goods at the place to which they were consigned, excused plaintiff from making a tender of the carriage charges, and that the carrier waives his right to detain goods for the freight if he puts his refusal to deliver them, on the ground that they are not in its possession at the place where demand is duly made. In *Vinton* v. *Baldwin* (1884), 95 Ind. 433, it was held that where one party to a contract notifies the other that he will not perform it, performance is unnecessary by the other, citing cases. To the same effect are, *House* v. *Alexander* (1885), 105 Ind. 109, 4 N. E. 891, 55 Am. Rep. 189; *Platter* v. *Board, etc.* (1885), 103 Ind. 360, 2 N. E. 544; *Mathis* v. *Thomas* (1884), 101 Ind. 119. It may be doubtful under these cases whether a tender was even necessary, in view of the ground of the refusal by appellant to deliver the goods. Doubtless it is a safer practice to make and keep the tender good, but there are cases in other jurisdictions holding that appellant waived the payment of the money into court by going to trial without this being done. *Storer* v. *McGaw* (1866), 93 Mass.

(11 Allen) 527; *Heywood* v. *Hartshorn* (1875), 55 N. H.
476; *Gilpatrick* v. *Ricker* (1889), 82 Me. 185, 19 Atl. 165;
*Earle* v. *Earle* (1837), 16 N. J. L. 273; *Roosevelt* v. *New
York, etc., R. Co.* (1866), 45 Barb. 554; *Knight* v. *Beach*
(1869), 7 Abb. Pr. (N. S.) 241; *Platner* v. *Lehman* (1882),
26 Hun 374; *Wood* v. *Rabe* (1885), 52 N. Y. Super. Ct. 479.
Appellant was not harmed by this failure, for it recovered
its costs, doubtless on that ground.

The judgment should be affirmed, and it is so ordered.

Note.—Reported in 103 N. E. 102. Reported and annotated in 49
L. R. A. (N. S.) 749. See, also, under (1) 6 Cyc. 477; (2) 6 Cyc.
462; (3) 6 Cyc. 500; (6) 38 Cyc. 134.