Purviance, Administrator, v. Jones.

Filed Sept. 28, 1889.

No. 13,778.

PURVIANCE, ADMINISTRATOR, v. JONES.

PROMISSORY NOTE.—*Constructive Delivery.*—The acts of the maker of a promissory note which the law will construe as a delivery must be such as to evince an unmistakable intention to give the note effect and operation according to its terms, and to relinquish all power and control over it in favor of the obligee.

SAME.—*What is not a Delivery.*—Upon being requested by his creditor to execute a mortgage to secure a debt, the debtor refused to do so, stating that he had signed a note for the amount and left it in a bank for the creditor's benefit. Upon the death of the debtor the note, duly signed, was found among his private papers. It is not stated in the special finding that the note was actually left with the bank at any time for the payee's benefit, or that it ever was under the control of the payee or of any person for his use.

*Held*, that a delivery is not shown.

SAME.—*Compelling Delivery.*—*Estoppel.*—*Statute of Limitations.*—Where one is induced to forego his purpose to secure his money before the statute of limitations has barred his claim, by the assurance of the debtor that a note has been signed and delivered to a bank for his benefit, he may, upon the death of the debtor with the note still in his possession, be entitled to compel a delivery, or to require it to be treated, in an equitable suit, as having been delivered as represented.

From the Huntington Circuit Court.

*L. P. Milligan* and *O. W. Whitelock,* for appellant.

' *J. C. Branyan, M. L. Spencer, W. A. Branyan* and *C. E. Barrett,* for appellee.

MITCHELL, J.—The only question presented on this appeal is, whether or not the facts found support the conclusion that a certain note filed by John D. Jones against the estate of Joseph W. Purviance, deceased, had been duly executed by the intestate in his lifetime. It appears that the intestate received $1,525.98 in August, 1873, as the proceeds of the sale of a quantity of wheat sold by him belonging to Jones, who was his son-in-law. Purviance requested permission to use the money for a short time. Jones consented.

The court found, as a fact, that about the year 1880, or perhaps prior thereto, Jones requested that a mortgage be given him to secure the money which had been thus received and used, but that his father-in-law declined, assigning as a reason for his refusal that he had signed a note for the amount and left it in the bank for his son-in-law's benefit, so that the latter would lose nothing in case of his, the intestate's, death. The latter had, in fact, filled out and signed a note for the amount received for the wheat, making it payable to John D. Jones, due in one day, and bearing date August 26th, 1873. Across the back of the paper there was written the following: "This note is explained in a statement signed by me and filed." The intestate was president of the First National Bank of Huntington at the time, and continued to occupy that position until a short time prior to his death, which occurred in November, 1885. Jones never called at the bank for the note, which was found with the intestate's private papers after his death.

The foregoing constitutes a summary of the facts upon which the court stated, as a conclusion of law, that the note had been duly delivered.

It will be observed that beyond the declaration of the intestate, that he had signed a note and left it in the bank for

the plaintiff's benefit, it does not appear that it ever had been so left, or that it had ever been out of the possession of the intestate, or under the control of the plaintiff, or of any one else for his use.

That an instrument is not complete and effectual until it has been delivered, or until that has been done which is legally equivalent to a delivery, is elementary.  An actual or constructive delivery, being the final act in the execution of a note, is as essential to impart validity to the paper as is the signature of the maker.  Until that is done it is a nullity. *Scobey* v. *Walker*, 114 Ind. 254; 1 Daniel Neg. Inst., section 63, *et seq.*  The transaction is simple enough where there has been an actual delivery, but it is not always easy to determine what acts constitute a delivery by construction of law.

While it is not indispensable that there should have been an actual, manual transfer of the instrument from the maker to the payee, yet to constitute a delivery it must appear that the maker, in some way, evinced an intention to make it an enforceable obligation against himself, according to its terms, by surrendering control over it, and intentionally placing it under the power of the payee, or of some third person for his use.  The acts which consummate the delivery of a promissory note are not essentially different from those required to complete the execution of a deed. Act and intention are the two elements essential to the delivery of a deed, which is ordinarily effected by the simple manual transfer of possession from the grantor to the grantee with the intention of passing the title and relinquishing all power and control over the instrument itself.  The final test is, did the maker do such acts in reference to the deed, or other instrument, as evince an unmistakable intention to give it effect and operation, according to its terms, and to relinquish all power and control over it in favor of the grantee or obligee.  *Weber* v. *Christen*, 121 Ill. 91 (2 Am. St. Rep. 68) ; *Stone* v. *French*, 37 Kan. 145 (1 Am. St. Rep. 237).

Purviance, Administrator, *v.* Jones.

All that appears in the special finding, in the present case, is a recital of a merely evidentiary character, to the effect that the intestate refused, when requested, to execute a mortgage to secure the debt, and assigned as a reason that he had signed a note and left it in the bank for the plaintiff's benefit. There is no finding that the note had, in fact, been left with the bank for the plaintiff's benefit, or that the latter in any way changed his position or purpose because of the declaration made to him, and the fact that the note was found among the intestate's private papers, with a memorandum upon it, indicates that it never was out of his possession. The only facts found by the court are, that the note was signed by the intestate, and that it was found among his private papers after his death. The declarations made by the intestate, and set out in the special finding, are nothing but evidence. If it had been found as a fact that the note had actually been left with the bank for the plaintiff's benefit, even though the intestate subsequently withdrew it, the legal conclusion might have been warranted that the paper had been constructively delivered. As we have seen, there is no finding of that character.

There is nothing in the facts found to indicate that the intestate ever surrendered control of the note, or that it ever was within the power or control of the plaintiff, or of any person for his use or benefit. It is impossible, therefore, by any facts within the finding, to support the legal conclusion that the note was delivered. *Woodford* v. *Dorwin*, 3 Vt. 82; 1 Parsons Notes and Bills, 49.

It may be that the evidence was such as to have justified a finding that the note had been delivered to the bank for the plaintiff's benefit; but the fact was not so found. The intestate, having received the plaintiff's money, may have induced him to forego any effort to enforce collection, upon the assurance that a note had been left with the bank, for the amount of the debt, for his benefit. If the plaintiff rested upon that assurance until the statute of lim-

itations had barred the debt, the estate may now be estopped to say that the note was not delivered, as against one who relied upon the statement and who would now suffer actual pecuniary loss if the note, actually signed, was not treated as having been delivered according to the representation made and relied upon.

Where money has been advanced on the faith that a note has been delivered to a third person, the promisee would be entitled to compel the delivery to be perfected. So, if the plaintiff was induced to forego his purpose to secure his money before the statute had barred his claim, by the assurance that a note had been delivered to the bank for his benefit, he may be entitled to compel the delivery of the note, or to require it to be treated, in an equitable suit, as having been delivered to the bank as represented. The facts found, however, do not make such a case.

The judgment must, therefore, be reversed, with costs, and to the end that complete justice may be done a new trial is ordered.

Filed June 25, 1889; petition for a rehearing overruled Sept. 27, 1889.