## STOUT v. STOUT.

[No. 4,014.    Filed March 13, 1902.]

DEEDS.—*Delivery.*—Where one executes a deed and delivers it to a third person to hold until the death of the grantor, parting with all dominion over it, and reserving no right to recall it, the delivery is effectual; but where the grantor reserves the right to recall such deed at his pleasure, there is no delivery.

From Morgan Circuit Court; *R. W. Miers*, Special Judge.

Suit by Nancy A. Stout against James K. Stout and others for partition. From a judgment in favor of defendants, plaintiff appeals. *Affirmed.*

*W. S. Shirley* and *M. H. Parks*, for appellant.

*A. M. Bain, R. C. Minton, E. F. Branch, O. Matthews, C. G. Renner* and *J. C. McNutt*, for appellee.

ROBY, J.—John D. Stout, the owner of certain lands, title to which is in dispute, caused deeds for them to be prepared, the execution and validity of which depends upon whether they were delivered. The jury, with a general verdict for

appellees, whose title depends upon non-delivery, answered interrogatories to the effect that Mr. Stout was the owner and in possession of the lands described in the complaint, on August 14, 1896; that he remained in possession until his death, January 22, 1899; that he signed, sealed, and acknowledged the deeds in question, enclosed them in a sealed envelope endorsed as follows: "Deeds by John D. Stout, to be delivered to John D. Stout, on demand, or to J. V. Mitchell, should he be living, thirty days after the death of John D. Stout, to be delivered to the grantees." The envelope so indorsed and sealed was deposited in a bank at Martinsville, for safe keeping, in the name of John D. Stout. It is further found that the grantor retained control of the deeds during his life time. An examination of the evidence shows that such findings are not without support, they must therefore be regarded as established by force of the general verdict as well as by the explicit answers.

Where one executes a deed and delivers it to a third person to hold until the death of the grantor, parting with all dominion over, and reserving no right to recall it, the delivery is effectual. *Fifer* v. *Rachels*, 27 Ind. App. 654. When the grantor reserves the right to recall such deed at his pleasure, there is no delivery. *Fifer* v. *Rachels, supra; Osborne* v. *Eslinger*, 155 Ind. 351, 80 Am. St. 240.

The reservation of the right to control or change the deed is inconsistent with the intention to deliver it. *Vaughan* v. *Godman*, 94 Ind. 191; *Purviance* v. *Jones*, 120 Ind. 162, 16 Am. St. 319; *Anderson* v. *Anderson*, 126 Ind. 62.

The law as expressed in the cases cited is applicable to the facts of this one, and requires an affirmance of the judgment. It is so ordered.