CREWS ET AL. *v.* THE MUTUAL BENEFIT LIFE INSURANCE CO. ET AL.

[No. 15,425. Filed May 24, 1937. Rehearing denied October 15, 1937.]

*Ira M. Sharp,* for appellants.

*Howard A. Sommer, Lowell S. Love,* and *Aquilla W. Groves,* for appellees.

LAYMON, P. J.—Appellee The Mutual Benefit Life Insurance Company of Newark, New Jersey, brought this action against appellants and the remaining appellees to recover upon a promissory note and an extension agreement and to foreclose a mortgage on certain real estate situated in Boone County, Indiana. The complaint was in one paragraph and in the usual form. Appellants Hazel C. Hart and David B. Hart answered in two paragraphs, the first paragraph alleging in substance that Hazel C. Hart was the daughter of Henry C. Crews, deceased, and of Ada B. Crews, his wife (widow) ; that David B. Hart was the husband of Hazel C. Hart; and that the note sued upon was executed without any consideration. In the second paragraph said appellants disclaimed any interest in the real estate. Appellant Ada B. Crews filed her answer in general denial and a "second paragraph of amended answer to so much of the plaintiff's complaint as is

based upon a promissory note or the written promise of the defendant, Ada B. Crews, to pay the debt represented thereby" and alleged in substance: That at the time of the execution and delivery of the note and mortgage sued upon she was a married woman, the wife of Henry C. Crews; that she was surety only for the debt evidenced by the note; that the note and mortgage were accepted in New Jersey and were, in effect, subject to the laws of that state; that the New Jersey statute then in effect made contracts of suretyship by married women void. To this affirmative answer the appellee The Mutual Benefit Life Insurance Company filed its reply in general denial and a second paragraph alleging in substance that the note and mortgage in question were made in the state of Indiana; that the mortgage described real estate in said state; and that coverture was not, at the time of the execution of the note and mortgage, a defense to contracts of suretyship in said state. Appellee The Mutual Benefit Life Insurance Company also filed a reply in general denial to the first and second paragraphs of answer of the appellants Hazel C. Hart and David B. Hart. A disclaimer was filed by the remaining defendants below, with the exception of Evans, DeVore and Company who filed an answer in general denial to the complaint. The cause was submitted to the court for trial without the intervention of a jury. Upon proper request the court made a special finding of facts and stated its conclusions of law. The finding of facts and conclusions of law were favorable to the appellee The Mutual Benefit Life Insurance Company. Judgment was rendered accordingly, awarding said appellee the sum of $14,992.71 and costs and ordering the mortgage foreclosed and the real estate therein described sold, the proceeds from the sale to be applied on the payment of the judgment, interest, and costs. Appellants, within due time, filed their separate

and several motion for a new trial, which motion was overruled, and this appeal followed. The errors assigned and relied upon for reversal are: (1) The court erred in its first conclusion of law; (2) the court erred in its second conclusion of law; and (3) the court erred in overruling appellants' separate and several motion for a new trial. The causes set out in the motion for a new trial and presented are that the decision of the court is not sustained by sufficient evidence and that the decision of the court is contrary to law.

We note that appellants have failed to set out in their brief each of the conclusions of law, the judgment and decree of the court thereon, or the substance thereof. Consequently they have not complied with Rule 21 of the Supreme and Appellate Courts which requires that the brief of appellant shall disclose how the issues were decided, what the judgment or decree was, the errors relied upon for reversal, and a concise statement of so much of the record as fully presents every error and exception relied upon. Because of their failure to comply with this rule, and, due to the fact that the omissions which we have pointed out are not supplied by the appellees' brief, appellants have waived their first and second assigned errors.

The controlling facts, so far as material to the question presented, are: That Ada B. Crews and Henry C. Crews, her husband, were the owners as tenants by the entireties of certain real estate situated in Boone County, Indiana; that Henry C. Crews, during his lifetime and prior to the 1st day of March, 1926, borrowed several sums of money for his sole use and benefit; that on the 1st day of March, 1926, together with his wife, Ada B. Crews, he executed a promissory note in the amount of $11,500 for the payment of the aggregate of said sums so borrowed; that said note was made payable to the order of Evans, DeVore and Company at

their office in Crawfordsville, Indiana; that on even date therewith, and to secure the payment of said note, Henry C. Crews and his wife, Ada B. Crews, executed a mortgage on their real estate situated in Boone County, Indiana; that Henry C. Crews died on the 17th day of June, 1930; that on March 1, 1926, Evans, DeVore and Company assigned the note and mortgage to the appellee The Mutual Benefit Life Insurance Company; that on March 9, 1931, appellants, Ada B. Crews, Hazel C. Hart, and David B. Hart, executed an instrument designated as an extention agreement, wherein they expressly agreed to pay to The Mutual Benefit Life Insurance Company the debt evidenced by the abovementioned note, by making certain specified payments over a period of time in consideration of the extension of the time in the payment of the original note; that Ada B. Crews and Henry C. Crews resided and were domiciled in the state of Indiana at the time of the execution of the above-mentioned note and mortgage here involved; that Ada B. Crews, Hazel C. Hart, and David B. Hart resided and were domiciled in the state of Indiana at the time of the execution of the extension agreement; that all of said instruments were properly signed and acknowledged in said state; that the office of The Mutual Benefit Life Insurance Company is situated in Newark, New Jersey; that the loan represented by the instruments here involved was accepted and approved by The Mutual Benefit Life Insurance Company at its office in said state of New Jersey.

Under the third assignment of error appellants urge the insufficiency of the evidence to sustain the finding of the court and contend that the evidence shows conclusively that the money evidenced by the note in question was, in fact, borrowed from the appellee The Mutual Benefit Life Insurance Company and not from Evans, DeVore and Company, the express

payee in the note; that Evans, DeVore and Company were not the lenders but were agents for the borrowers; that the lenders advanced no money until the note, signed by the borrowers, was received, inspected, and approved by The Mutual Benefit Life Insurance Company in its office in New Jersey; that the note was delivered to the payee in the state of New Jersey and the money loaned was delivered to the agent for the borrowers in said state; that the entire proceeds of said loan were for the sole use and benefit of Henry C. Crews; that Ada B. Crews was surety only on said note; and that at the time said note and mortgage were executed there was in full force and effect in the state of New Jersey a statute which made contracts of suretyship by married women void. Appellants insist that under these circumstances the delivery of the note and the delivery of the money for which the note was given having taken place in the state of New Jersey and the contract (extension agreement), by its terms being payable in said state, it follows that the validity of the instrument and the rights of the parties thereto, as between each other, are governed by the laws of that state. This contention is without merit. Under the evidence, as disclosed by the record, the trial court was justified in finding, as it did, that the note and mortgage sued upon were executed by the makers within the state of Indiana. The acceptance and approval of the note and mortgage here involved by The Mutual Benefit Life Insurance Company at its office in the state of New Jersey were merely incidental to the process of consummating the loan. It is obvious, under the uncontradicted facts, that the makers evinced an unmistakable intention to give the note and mortgage effect and operation according to their terms and to relinquish all power and control over them in favor of the payee and The Mutual Benefit Life Insurance Company when the

note and mortgage were signed and turned over to Evans, DeVore and Company in the state of Indiana. It is evident then that the delivery of the note and mortgage here involved was in the state of Indiana. *Purviance, Administrator* v. *Jones* (1889), 120 Ind. 162, 21 N. E. 1099.

The court having found as an ultimate fact that the note and mortgage involved were executed in Indiana, it necessarily follows that all matters bearing upon the execution, the interpretation, and the validity of the note and mortgage, including the capacity of the parties to contract, are to be determined by the law of the place where the contract is made. *Garrigue et al.* v. *Kellar* (1905), 164 Ind. 676, 74 N. E. 523.

It may further be said as an additional reason for affirming the judgment that the courts of this state have uniformly held that the validity of a mortgage on real estate is to be determined by the law of the place where the property is situated. The mortgage here contained an express promise on the part of the makers to pay the debt secured thereby, and this provision is valid and binding on the makers of the mortgage and sufficient to sustain a personal judgment against the mortgagors. *Noble County Bank et al.* v. *Waterhouse* (1929), 89 Ind. App. 94, 163 N. E. 119.

We conclude that the finding of facts was sustained by sufficient evidence and was not contrary to law. There was no error in overruling the motion for a new trial, and the judgment is affirmed.