DEPOSITORS TRUST COMPANY

v.

Lise HEROLD.

Supreme Judicial Court of Maine.

Argued Nov. 15, 1982.

Decided April 14, 1983.

Locke, Campbell & Chapman, Nicholas M. Lanzilotta (orally), Augusta, for plaintiff.

Richard M. Dostie (orally), Belfast, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, CARTER and WATHEN, JJ.

ROBERTS, Justice.

Lise Herold appeals from a summary judgment entered in the Superior Court, Waldo County, upon a complaint for foreclosure of a mortgage initiated by Depositors Trust Company pursuant to 14 M.R.S.A. § 6321–6325 (1980 & Supp.1982–1983). Herold raises a single issue relating to the affirmative defense alleged in her answer. We hold that Herold's affidavit was insufficient to generate a defense and, accordingly, we affirm the summary judgment.

On October 19, 1978, Herold executed and delivered to Depositors a mortgage to secure payment of a promissory note in the amount of $20,000. The note was payable in monthly installments of approximately $200 and contained the following language: "The Note holder may exercise this option to accelerate during any default ... regardless of any prior forbearance."

By complaint dated September 16, 1981 (but not served until December) the bank sought foreclosure of the mortgage. In her answer filed in January 1982, Herold asserted an affirmative defense of estoppel based on Depositors' prior course of dealing with her. On January 26, 1982, the bank moved for summary judgment. The motion was supported by an affidavit which described the bank's mortgage and note, the amount due, Herold's default, and a notice of default given to Herold on or about August 28, 1981.[1] Depositors' affidavit is silent with respect to Herold's defense.

■ Herold concedes that the plaintiff's affidavit is sufficient to preclude further litigation on all issues except those raised by her affirmative defense. In her brief she explains that defense as being based upon "a course of conduct in accepting late payments upon which appellant was entitled to rely." She describes "a history of dealing by which appellee ... agreed to accept lump sum payments in the winter season to make up for defaults incurred during the summer months by reason of appellant's lack of summer employment." Herold cannot, of course, rely upon her answer to avoid the entry of summary judgment. *See generally* 10A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2739 (1983). She must submit affidavits or other materials to counter the facts as alleged by Depositors. *Haskell v. Planning Board of Town of Yarmouth*, 388 A.2d 100, 102–03 (Me.1978); Field, McKusick, & Wroth, *Maine Civil Practice* § 56.4 (Supp.1981). Herold need not establish that she herself is entitled to summary judgment. *See id.* Her affidavit must show, however, a state of facts which generates her affirmative defense. M.R.Civ.P. 56(e) ("[A]n adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.").

■ Although her affidavit is far from clear, we will assume, *arguendo*, that Herold can prove. (1) an express agreement that her accumulated summertime arrearage could be cured by "lump sum payments in the winter months" and (2) her compliance with that arrangement in 1979 and 1980. Herold makes no specific allegation that her payments were current at any time in 1981. Even by totaling what evidence of payment is in the record, we cannot ascertain that Herold was "caught up" during the spring of 1981. For Herold to rely upon the alleged modification-of-payment schedule, she must show her own compliance therewith.

In addition, we note that by the time suit had been commenced the winter of 1982 had arrived. Herold's affidavit is dated April 28, 1982. She makes no allegation of ability or willingness even then to pay all accumulated arrearage. Her affirmative

---

1. The notice is not attached and the affidavit does not reveal the date by which payment is demanded therein. The defendant, however, raises no issue in this regard.

defense, if valid, does not defeat enforcement of the modified terms of the note and mortgage. At best, Herold would only be entitled to an opportunity to achieve current status. No useful purpose would be served by entry of an order with which the defendant could not comply.

Herold relies upon our opinion in *Wallingford v. Butcher*, 413 A.2d 162, 165 (Me. 1980) wherein we said, "We find it difficult to imagine a real-life situation in which a 'course of dealing' between the parties can upon motion for summary judgment be properly postured to eliminate issues of fact." The case before us is unlike *Wallingford*. We give Herold the benefit of the modification of her payment schedule which she claims resulted from her course of dealings with Depositors. It avails her nothing to establish a modification of her agreement with the bank if she does not show that she has performed in compliance with the alleged modification.

The entry is: Judgment affirmed.

All concurring.