(698 P.2d 382)
No. 56,238

POSTAL SAVINGS & LOAN ASSOCIATION, *Appellee*, v. MARION K. FREEL and CHARLENE A. FREEL, *Appellants*.

Opinion filed December 14, 1984.

*Kenneth F. Crockett,* of Tilton, Dillon, Beck & Crockett, of Topeka, for appellants.

*J. H. Eschmann* and *Stanley E. Oyler,* of Ascough, Bausch, Eschmann, P.A., of Topeka, for appellee.

Before PARKS, P.J., BRISCOE, J., and JEROME HARMAN, Chief Judge Retired, assigned.

PARKS, J.: Plaintiff Postal Savings & Loan Association brought this action to foreclose its mortgage against the defendants' residence. Defendants Marion K. Freel and Charlene A. Freel contend that plaintiff waived its right to foreclose. The trial court entered judgment allowing the foreclosure. Defendants appeal.

We first consider defendants' claim that plaintiff waived its right to accelerate the payment of the note and mortgage.

The plaintiff has always maintained that the letter of January 12, 1981, written when the defendants were two and almost three payments behind on their loan obligation, effected a declaration of default and acceleration of the entire balance owed. Defendants contend that because they had fallen behind in their

payments before and default was never declared, plaintiff waived its right to do so in January.

It is generally accepted that a mortgagee's acceptance of a late or partial payment will effect a waiver of the right to declare default and accelerate a debt because of the lateness of that payment. *Rawhide Farms v. Darby,* 267 Ark. 776, 589 S.W.2d 210 (1979). In addition, a past practice of excusing defaults occasioned by late payments may under certain circumstances be construed as an implied waiver of an acceleration clause. See, *e.g., Smith v. Smith,* 186 Kan. 728, 735, 352 P.2d 1036 (1960); *Mariash v. Bastianich,* 88 App. Div. 2d 829, 452 N.Y.S.2d 190, 191 (1982). However, in the present case, the parties agreed to the following provision in the promissory note:

> ". . . Any waiver of any payment hereunder or under the instrument securing this note at any time, shall not, at any other time, be taken to be a waiver of the terms of this note or the instrument securing it."

This provision clearly provides that the mortgagee's past waivers of default have no bearing on its rights to accelerate for subsequent delinquencies. It benefits the debtor by permitting the creditor to liberally forgive late or missed payments which could have compelled acceleration, while protecting the creditor's right to accelerate the debt upon the commission of each new default.

Promissory notes and mortgages are contracts between the parties and the ordinary rules of construction applicable to contracts apply to them. *Carpenter v. Riley,* 234 Kan. 758, 763, 675 P.2d 900 (1984). Waiver is an intentional relinquishment of a known right and intention may be inferred from conduct. *Iola State Bank v. Biggs,* 233 Kan. 450, 458-59, 662 P.2d 563 (1983). However, no such inference of waiver can be drawn when the unambiguous language of the contract states a contrary intention. Therefore, defendants' contention that they reasonably relied on the plaintiff's past practice of overlooking defaults as an implied waiver of their obligation to pay the installments promptly must fail in light of the unambiguous and contrary provision of the note.

We conclude that the trial court correctly held that the mortgagee did not waive its right to accelerate the payment of the note and mortgage or to demand that the defendants negotiate a

new loan where, as here, the note expressly provides that the waiver of any payment at any time, shall not, at any other time, be taken as a waiver òf the terms of the note or the mortgage.

Defendants also argue that by accepting installment payments from them after January, the right to accelerate the debt was waived and the original loan agreement restored. However, each time plaintiff was tendered a payment after acceleration, it notified the defendants that the full amount of the balance was still due and that it would either apply the payment to the total amount due or return it. There is no evidence in this case from which any intentional waiver could be inferred. Therefore, this argument is without merit.

Finally, defendants' contention in their brief that the plaintiff's actions violated the Uniform Consumer Credit Code (UCCC) is misplaced. The UCCC does not apply to first mortgages such as the one involved in this case. K.S.A. 16a-1-301(13)(b).

Affirmed.