Richard B. McCOOL, Sr. and David J. Katz, Appellants (Defendants Below),

v.

**DECATUR COUNTY BANK OF GREENSBURG, Indiana,** Appellee (Plaintiff Below),

and

**Liberty National Bank, Appellee (Defendant Below).**

No. 1–784A177.

Court of Appeals of Indiana, First District.

July 24, 1985.

David A. Rosenthal, Rosenthal, Greives & O'Bryan, Lafayette, for appellants (defendants below).

Don Hubert Wickens, Wickens, Wickens & Wilke, Greensburg, Ronald L. Gaffney, Barnett & Alagia, Louisville, Ky., C. David Johnstone, Barnett & Alagia, New Albany, for appellees.

ROBERTSON, Judge.

Defendants-appellants Richard McCool (McCool) and David Katz (Katz) appeal the judgment of the Ripley Circuit Court ordering the foreclosure of mortgages held by plaintiff-appellee Decatur County Bank (Decatur) and defendant-appellee Liberty National Bank (Liberty).

We affirm.

On June 1, 1976, McCool and Katz borrowed $70,000 from Decatur. Decatur took back a note secured by a mortgage. On June 25, 1979, McCool and Katz executed a second mortgage to Liberty. Thereafter, the payments to Decatur ceased to be timely.

On September 16, 1982, Decatur notified McCool and Katz that it was accelerating the note because, among other things, the September 1, 1982 payment had not been made. Decatur then filed a mortgage foreclosure suit. Liberty was named as a defendant because it claimed an interest in the real estate based upon the second mortgage. In its answer, Liberty demanded judgment against McCool and Katz on their indebtedness to Liberty. The court entered judgments of foreclosure in favor of Decatur and Liberty.

With respect to the judgment of foreclosure entered in favor of Decatur, McCool and Katz raise the following issues:

1) Whether the judgment of foreclosure was erroneous, because Decatur had waived its right to receive timely payments and could not declare a default; [1]

2) Whether the judgment of foreclosure was erroneous, because McCool and Katz proved the defense of tender;

3) Whether the trial court erred in its judgment of foreclosure by figuring the interest on the principal amount at 13%.

McCool and Katz present two additional issues concerning the judgment of foreclosure entered in favor of Liberty:

4) Whether the trial court abused its discretion in granting Liberty's motion to amend the pleadings to conform with the proof at trial;

5) Whether the trial court improperly entered personal judgments against McCool and Katz.

ISSUE ONE:

McCool and Katz assert that Decatur could not declare a default on the ground that the September, 1982 payment was not timely made, because Decatur had previously accepted late payments. The mortgagors' assertion of waiver is undermined by the inclusion of certain clauses in the note and mortgage. The note held by Decatur provided that the principal and interest could be declared due immediately upon default in payment of any monthly installment or upon default for sixty days in the performance of any other mortgage covenant. It further stipulated,

> No delay on the part of the holder hereof in exercising said option shall operate as a waiver thereof, or preclude the exercise of such option at any time during the continuance of any such default ....

The mortgage included the following language:

> No delay by the Mortgagee in the exercise in any of his rights hereunder shall preclude the exercise thereof so long as the Mortgagor is in default hereunder, and no failure of the mortgagee to exer-

cise any of his rights hereunder shall preclude the exercise thereof in the event of a subsequent default by the mortgagor hereunder.

■ Such non-waiver clauses are effective in preventing the acceptance of late payments from operating as a waiver of subsequent defaults. *First Federal Savings & Loan Ass'n. v. Stone,* (1984) Ind. App., 467 N.E.2d 1226, 1232. Although Decatur had previously accepted late payments, it had not waived its right to declare a default when the payment due September 1, 1982, was not made.

The court in *First Federal, supra,* warned that a mortgagee will waive the default it sues upon if the mortgagee does not affirmatively indicate its election to accelerate the maturity of the mortgage. In the instant case, Decatur did not waive the default it sued upon. On September 16, 1982, Decatur wrote McCool and Katz, "As a result of your acts of default, the bank demands complete payment of the unpaid balance before September 24, 1982". Thus, Decatur plainly manifested its intention to take advantage of the acceleration clause.

■ McCool's and Katz's contention that waiver occurred is unavailing. The non-waiver clauses prevented Decatur's acceptance of late payments from operating as a waiver of subsequent defaults. Furthermore, Decatur did not waive the default it sued upon, because it affirmatively exercised its option to accelerate the maturity of the mortgage. The judgment of foreclosure properly could have been based upon McCool's and Katz's failure to make the payment due September 1, 1982.

ISSUE TWO:

McCool and Katz argue that the judgment of foreclosure was erroneous, because they had the defense of tender available to them. McCool and Katz appeal from a negative judgment on this issue.

---

1. Because of our disposition of this issue, we do not reach the contentions of McCool and Katz that foreclosure could not be based upon their failure to pay delinquent real estate taxes, their refusal to make increased monthly payments, or their failure to pay 13% interest on the loan.

"Where the party having the burden receives a negative judgment by the trier of fact, we will not disturb that judgment if there is any evidence to support it or a reasonable inference to be drawn from any evidence in favor of it." *Criss v. Bitzegaio*, (1981) Ind., 420 N.E.2d 1221, 1225.

■ To prove the defense of tender, McCool and Katz had to show that they made a valid tender of the full amount due and that the tender was kept good by paying it into court for the use and benefit of Decatur. *See, First Federal, supra*, at 1233. McCool and Katz were required to make an additional tender each month as additional moneys became due. *Moore et al. v. Anchor Federal Savings & Loan*, (1968) 142 Ind.App. 681, 237 N.E.2d 114.

■ Based upon the evidence in the instant foreclosure action, the trial court reasonably could have concluded that the tender was not kept good. When the case was tried in July, 1983, eleven monthly payments were due. However, only five payments were deposited in court. Therefore, McCool and Katz did not tender the arrears in such a manner as to preclude acceleration of the mortgage. The defense of tender was not available to them.

ISSUE THREE:

In their final challenge to the judgment of foreclosure in favor of Decatur, McCool and Katz contend that it was incorrect for the trial judge to figure interest on the principal amount due at 13%. The mortgage note executed by McCool and Katz included the following provision:

[A]t any time, and from time to time, the payee or holder hereof may adjust the aforesaid rate of interest to a rate lower or higher than the above rate in accordance with the increase or decrease in the cost of money to payee. Payee shall give thirty (30) days written notice of any increase or decrease in the interest rate .... At no time shall the rate of interest be more than 1½% per annum above the highest rate paid by payee to its depositors.

■ On May 28, 1982, Decatur gave notice to McCool and Katz that the interest on the mortgage note was being increased to 13%. Testimony at trial disclosed that Decatur's highest certificate of deposit was over 15% at the time Decatur adjusted the interest rate on the mortgage note. The adjustment was consistent with the terms of the note. Accordingly, the trial court correctly figured interest on the principal amount due at 13%.

ISSUE FOUR:

■ With respect to the judgment in favor of Liberty, McCool and Katz state that the trial court erred by permitting Liberty to amend its answer to include a prayer for foreclosure. The amendment of pleadings to conform to the evidence presented at trial is a matter within the trial court's discretion. *Ayr-Way Stores v. Chitwood*, (1973) 261 Ind. 86, 91, 300 N.E.2d 335, 339. Barring a clear abuse of discretion, there will be no reversal on appeal. *Id.* We find no abuse of discretion which would mandate reversal.

■ Three weeks after trial, Liberty filed a written motion to amend its pleadings to conform to the proof at trial. The lower court granted the motion, and McCool and Katz claim they were prejudiced by the decision. McCool's and Katz's claim of prejudice is not supported by the fact that Liberty's motion was made after the trial concluded. Pleadings may be amended at any time, even after judgment, to conform to the evidence actually produced at trial. *Physician's Emergency Service v. McCarthy*, (1975) 165 Ind.App. 21, 26, 330 N.E.2d 380, 383.

To bolster their claim of prejudice, McCool and Katz emphasize that Liberty filed an answer instead of a cross-complaint.[2] Liberty was named as a defendant

**2.** McCool and Katz find further inadequacies in Liberty's pleadings because copies of the mortgage and note were not attached to the answer.

Liberty's answer incorporated both of these documents by reference. Furthermore, McCool and Katz did not demonstrate that they were

in Decatur's foreclosure action, because Liberty had an interest in the real estate based upon the second mortgage. Although Liberty filed an answer, it demanded judgment against McCool and Katz on their indebtedness. McCool and Katz responded with a cross-claim against Liberty alleging that the indebtedness had been paid in full. Thus, even at the pleadings stage of the litigation, McCool and Katz were aware that Liberty was seeking affirmative relief against them.

Moreover, Liberty presented evidence at trial establishing its mortgage. McCool and Katz neither objected to the evidence nor sought a continuance to enable them to meet the issues raised by the evidence. The trial ended without objection as to the course it took. "Neither pleadings, pre-trial orders, [n]or 'theories' postulated by either party should then operate to frustrate the trier of fact ... from awarding the relief, if any, which the rules of substantive law say [the] facts merit." *Indianapolis Transit System v. Williams*, (1971) 148 Ind.App. 649, 658, 269 N.E.2d 543, 550.

McCool and Katz contend that they were under the false impression that Liberty's pleadings and proof were limited to establishing the priority of its mortgage. This contention is belied by the statement of counsel for McCool and Katz that Liberty had "a right to foreclose their mortgage in rem pursuant to their pleadings. Up to a million, two hundred thirty-six thousand dollars ($1,236,000)."

▮ Hence, McCool's and Katz's claim of prejudice is reduced to their inability to put on a defense. This inability was the result of discovery sanctions which are not challenged on appeal.

ISSUE FIVE:

McCool and Katz suggest that Liberty is not entitled to take a personal judgment against them, because the parties agreed that the indebtedness would come exclusively from fees from certain management contracts. On this issue, McCool and Katz

prejudiced by the fact that the mortgage and

again appeal from a negative judgment. There was evidence to support the lower court's decision.

▮ The loan agreement upon which McCool and Katz rely contained four paragraphs assuring that the loan would be guaranteed by the borrowers. The accompanying promissory notes identified McCool and Katz as the borrowers. Thus, there was evidence from which the trial court could conclude that McCool and Katz were personally liable for the indebtedness.

> The mortgage here contained an express promise on the part of the makers to pay the debt secured thereby, and this provision is valid and binding on the makers of the mortgage and sufficient to sustain a personal judgment against the mortgagors.

*Crews v. Mutual Ben. Life Ins. Co.,* (1937) 104 Ind.App. 183, 189, 8 N.E.2d 390, 393; *see also* IND.CODE § 34–1–53–3 (1982) (in judgment of foreclosure, court shall give personal judgment against any party liable upon agreement for payment of money secured by mortgage).

Judgment affirmed.

RATLIFF, P.J., and NEAL, J., concur.