Donald KIRKHAM et al.

v.

Richard HANSEN et al.

Supreme Judicial Court of Maine.

Argued Nov. 15, 1990.
Decided Dec. 18, 1990.

Ann M. Courtney (orally), Murray, Plumb & Murray, Portland, for plaintiff.

Peter Darvin (orally), Pine Tree Legal Assistance, Inc., Portland, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

BRODY, Justice.

Richard and Kathleen Hansen appeal from an order of the Superior Court (Cumberland County, *Alexander, J.*) granting summary judgment for Donald and Diane Kirkham on their complaint for foreclosure by civil action. The Hansens principally contend that summary judgment was precluded by genuine issues of material fact raised by their affirmative defenses of waiver and estoppel. Finding no merit in their arguments, we affirm the judgment.

The Hansens purchased a house in Portland from the Kirkhams on September 7, 1984. The sale was seller-financed by means of a promissory note that the Hansens executed and delivered to the Kirkhams along with a mortgage on the property as security for the note. The note provides:

If any monthly installment under this Note is not paid within fifteen (15) days of the due date, the entire principal amount outstanding and accrued interest and late charges thereon shall at once become due and payable without notice at the option of the Note holder. *The Note holder may exercise this option to accelerate during any default by maker regardless of any prior forbearance.* A late charge of five (5%) per cent of the overdue payment shall be due and payable with any delinquent payment.

(Emphasis added).

Although the Hansens made timely payments on the note for almost a year, they made twenty-seven late payments between July of 1985 and September of 1989. Five of these late payments, for July of 1985 and for February, June, August, and September of 1989, were made after the fifteen-day grace period. The Kirkhams did not exercise their option to accelerate the debt for any of these defaults.

When the Hansens defaulted again in October of 1989, however, the Kirkhams notified the Hansens that they were exercising their option to accelerate the debt. On January 19, 1990, the Kirkhams filed a complaint for foreclosure by civil action pursuant to 14 M.R.S.A. § 6321 (Supp. 1990). The Hansens raised the affirmative defenses of waiver and estoppel, alleging that the course of dealing between the parties so modified the provisions of the

note that the Kirkhams impliedly waived their right to accelerate the debt or, alternatively, should be estopped from exercising it. The court granted the Kirkhams' motion for summary judgment on their complaint after a hearing on May 30.

On appeal, the Hansens argue that the court erred in granting the motion because their affirmative defenses of waiver and estoppel raised genuine issues of material fact precluding summary judgment. We disagree.

In an appeal from a grant of summary judgment, we review the court's conclusions for errors of law. *Philbrook v. Gates Formed–Fibre Prods.*, 536 A.2d 1118, 1119 (Me.1988). We examine the record independently to determine whether it supports the court's conclusion that there was no genuine issue as to any material fact and that the successful party was entitled to a judgment as a matter of law. *Lidstone v. Green*, 469 A.2d 843, 845 (Me. 1983). In making that determination, "we view the evidence in the light most favorable to the party against whom the motion has been granted and accord that party the full benefit of all favorable inferences that may be drawn from the evidence." *Id.*

In order to withstand a motion for summary judgment, a party must respond by "setting forth specific facts showing that there is a genuine issue for trial." M.R. Civ.P. 56(e). For the Hansens to succeed on appeal, therefore, their affidavits must show a state of facts generating their affirmative defenses. *See Depositors Trust Co. v. Herold*, 458 A.2d 430, 431 (Me.1983). In their affidavits, the Hansens point to the Kirkhams' failure to demand a five percent late fee for payments made after the first but before the sixteenth of the month, despite the late fee provision in the note. They set forth those occasions where the Kirkhams failed to initiate action to accelerate the debt despite payment after the fifteen-day grace period. They assert that the Kirkhams appeared to be generally satisfied with the Hansens' performance of their obligations under the note and mortgage. Finally, as a result of these past practices on the part of the Kirkhams, the Hansens allege that they believed that they could make the payment for October of 1989 after the fifteenth of the month without fear of acceleration simply by tendering the amount due plus the five percent late fee.

These allegations, even when viewed in the light most favorable to the Hansens, are insufficient to support the Hansens' affirmative defenses.

A waiver is a voluntary or intentional relinquishment of a known right and may be inferred from the acts of the waiving party. Thus, if one in knowing possession of a right does something *inconsistent* with the right or of his intention to rely upon it, he is deemed to have waived that right and is estopped from asserting that right if renunciation of the waiver would prejudice the party who has relied upon it.

*Interstate Indus. Uniform Rental Serv., Inc. v. Couri Pontiac, Inc.*, 355 A.2d 913, 919 (Me.1976) (citations omitted) (emphasis added). An estoppel, on the other hand, "forbids the assertion of the truth by one who has knowingly induced another to believe what is untrue and to act accordingly. While waiver rests upon intention, estoppel rests upon *misleading* conduct." *Roberts v. Maine Bonding & Cas. Co.*, 404 A.2d 238, 241 (Me.1979) (emphasis added).

Even if we accept all of the Hansens' allegations as true, we find that the Kirkhams did nothing inconsistent or misleading with respect to their right to accelerate the mortgage debt. The Hansens have in effect alleged no more in their affidavits than that the Kirkhams refrained, as expressly permitted by the terms of the note, from accelerating the debt sooner. The plain language of the note provides that the "holder may exercise this option to accelerate *during any default by maker regardless of any prior forbearance.*" (Emphasis added). This language in the note effectively prevented the mere acceptance of late payments by the Kirkhams from operating as a waiver or giving rise to an estoppel in the event of subsequent defaults. *See, e.g., Philmon v. Mid–State Homes, Inc.*, 245 Ark. 680, 434 S.W.2d 84

(1968); *McCool v. Decatur County Bank,* 480 N.E.2d 596 (Ind.Ct.App.1985); *Postal Sav. & Loan Ass'n v. Freel,* 10 Kan.App.2d 286, 698 P.2d 382 (1984); *Zeller v. University Sav. Ass'n,* 580 S.W.2d 658 (Tex.Civ. App.1979).

We determine that the record reveals no genuine issue as to any material fact and that the Kirkhams have satisfied all of the statutory requirements for a judgment of foreclosure and sale. The other arguments raised by the Hansens are also without merit and require no further comment. We conclude, therefore, that the court did not err in granting summary judgment for the Kirkhams on their complaint.

The entry is:

Judgment affirmed.

All concurring.