**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

**FILED**

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANTS
STAR HOMES, Individually and d/b/a
GARDEN HOMES, INC. and
DAVID GARDEN:

**GARY M SELIG**
**JENNIFER A. BONESTEEL**
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**H. KIM TeKOLSTE**
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STAR HOMES, Individually and d/b/a | ) | |
| GARDEN HOMES, INC., DAVID GARDEN, | ) | |
| DONNA ROTHWELL, | ) | |
| JOHN MICHAEL MYERS, | ) | |
| INDIANA TELEPHONE COMPANY, | ) | |
| ON HOLD SYSTEMS, INC., | ) | |
| DONNA DECKER, | ) | |
| HEALTH AND HOSPITAL CORP. OF | ) | |
| MARION COUNTY, | ) | |
| LUCAS INTERNATIONAL, | ) | |
| CLARIAN HEALTH PARTNERS, | ) | |
| STATE OF INDIANA,[1] | ) | |
| | ) | |
| Appellants-Defendants, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1204-MF-350 |
| | ) | |
| EQUITY TRUST COMPANY, FBO | ) | |
| JAMES E. HENKE, IRA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

---

[1] The only parties to file an appeal are Star Homes, Inc., individually and d/b/a Garden Homes Realty and Garden Homes, Inc. However, pursuant to Indiana Appellate Rule 17(A), a party of record in the trial court shall be a party on appeal.

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable S.K. Reid, Judge
Cause No. 49D14-1107-MF-26400

**December 17, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Star Homes, individually and d/b/a Garden Homes, Inc., and David Garden (collectively, "Star Homes") appeals the trial court's grant of summary judgment in favor of Equity Trust Company, FBO James E. Henke, IRA. (collectively, "Equity Trust") on its complaint for foreclosure of certain Indianapolis real estate. Star Homes raises several issues that we consolidate and restate as whether the trial court erred in granting Equity Trust's motion for summary judgment.

We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On January 6, 2010, Star Homes executed a real estate mortgage ("Mortgage") and an installment note ("Note") in favor of Equity Trust. Pursuant to the terms of the Note, Star Homes borrowed $45,000.00 from Equity Trust, to be repaid in monthly installments of $645.52, due on the first day of each month, with the final installment due March 1, 2012. As security for the loan, Star Homes mortgaged real estate located at 32 South Vine Street in Indianapolis. In the event of default continuing for thirty days or more, the Note provided

that Equity Trust "may present a call for payments in full of the balance of the [N]ote within thirty (30) days[.]" *Appellants' App.* at 54. Similarly, the Mortgage provided,

> [U]pon default of any payment provided for in any Note secured by this Mortgage, . . . then [] the entire indebtedness secured hereby shall, at the option of [Equity Trust], become immediately due and payable without notice, and [Equity Trust] shall have the right immediately to foreclose this Mortgage.

*Id*. at 51.

On July 11, 2011, Equity Trust filed a complaint to foreclose the Mortgage and Note, alleging that Star Homes was in default "by failing to make the payment due on April 1, 2011 and all subsequent payments leaving an unpaid balance of $45,756.32 as of June 1, 2011."[2] *Id*. at 47. Star Homes filed its answer, denying the allegations of the complaint and asserting as an affirmative defense, among other things, that "Plaintiff lost checks that were mailed. Plaintiff has refused payment for the lost checks."[3] *Id*. at 43.

On November 14, 2011, Equity Trust filed a motion for summary judgment on its foreclosure complaint. In support thereof, Equity Trust designated the following evidence: (1) the complaint and attached Note and Mortgage; (2) Star Homes's answer to the complaint; and (3) an Affidavit of Debt by James E. Henke ("Henke"), the director of Equity Trust. In the affidavit, Henke stated upon his oath that $49,666.25 in principal and interest was due and owing to Equity Trust as of October 31, 2011, with specified late charges and

---

[2] We note that Equity Trust named nine other individuals or entities as defendants in their foreclosure complaint "for the purpose of allowing them to pursue any claim they may have in the real estate" as revealed in the title search that accompanied the complaint. *Appellants'App*. at 47. The record reflects that, other than Star Homes, no party appeared in person or by counsel or filed any pleading with the trial court.

[3] Star Homes also asserted other matters under the umbrella of "affirmative defense"; however they are no longer at issue and not relevant to this appeal. *Id*. at 43.

3

interest continuing to accrue. Henke's affidavit also stated, "The payment due on April 1, 2011 and all subsequent payments have not been paid to plaintiff, Equity Trust Company, FBO James E. Henke." *Id*. at 41.

On January 13, 2012, Star Homes filed a motion in opposition and asserted that genuine issues of material fact existed "as to whether payments were tendered but either not received or refused[.]" *Id*. at 27. In support of its motion in opposition, Star Homes designated the following evidence: (1) Equity Trust's complaint; (2) Star Homes's answer; (3) the affidavit of David Garden ("Garden"), individually and as corporate representative of Star Homes. As is relevant to this appeal, Garden's affidavit averred, "Defendants are not in default as Plaintiff lost checks that were sent to [Equity Trust]. Additionally, Plaintiff has refused payment for lost checks." *Id*. at 29. No other documentation was attached or referenced.

On March 2, 2012, the trial court conducted a hearing on Equity Trust's motion for summary judgment. At the hearing, there was no dispute that no payments had been made since the foreclosure lawsuit was filed. However, Star Homes maintained that disputed issues of fact existed, including that "there were certain payments that weren't accounted for." *Tr*. at 9. Following the hearing, the trial court granted Equity Trust's motion for summary judgment. Star Homes now appeals.

## DISCUSSION AND DECISION

Star Homes argues that the trial court's decision to grant summary judgment to Equity Trust was inappropriate, raising several arguments including, not only that Equity Trust

4

failed to establish that there was no genuine issue of material fact, but also that the court "incorrectly shifted the burden to [Star Homes]" and "did not require more evidence before giving weight to either party's credibility." *Appellants' Br*. at 6.

In deciding whether to affirm or reverse the trial court's summary judgment ruling, this court stands in the shoes of the trial court and applies the same standards. *Citizens State Bank of New Castle v. Countrywide Home Loans, Inc*., 949 N.E.2d 1195, 1199 (Ind. 2011). Under Indiana procedure, the party moving for summary judgment has the burden of establishing that no genuine issue of material fact exists. Ind. Trial Rule 56(C); *Lacy-McKinney v. Taylor Bean & Whitaker Mortg. Corp.*, 937 N.E.2d 853, 865-66 (Ind. Ct. App. 2010). A fact is "material" if its resolution would affect the outcome of the case, and an issue is "genuine" if a trier of fact is required to resolve the parties' differing accounts of the truth. *Id*. at 866. Only after the moving party has met this burden with a prima facie showing that no genuine issue of material fact exists does the burden then shift to the non-moving party to establish that a genuine issue of material fact does in fact exist. *Id.* The non-movant must do more than simply sit on his pleadings; he must come forward with sufficient evidence demonstrating the existence of genuine factual issues that should be resolved at trial. *Otto v. Park Garden Assocs*., 612 N.E.2d 135, 138 (Ind. Ct. App. 1993), *trans. denied*. If the non-movant fails to meet this burden, and if the law is with the movant, summary judgment should be granted. *Id*.

In the context of mortgages, Indiana Code section 32-30-10-3(a) provides, "if a mortgagor defaults in the performance of any condition contained in a mortgage, the

mortgagee or the mortgagee's assign may proceed in the circuit court of the county where the real estate is located to foreclose the equity of redemption contained in the mortgage." To establish a prima facie case that it is entitled to foreclose upon the mortgage, the mortgagee or its assign must enter into evidence the demand note and the mortgage, and must prove the mortgagor's default. *McEntee v. Wells Fargo Bank, N.A.*, 970 N.E.2d 178, 182 (Ind. Ct. App. 2012) (citing *Creech v. LaPorte Prod. Credit Ass'n,* 419 N.E.2d 1008, 1012 (Ind. Ct. App. 1981)). Once the mortgagee establishes its prima facie case, the burden shifts to the mortgagor to show that the note has been paid in full or to establish any other defenses to the foreclosure. *Id.*

Here, Equity Trust maintains that it made a prima facie case of breach of mortgage. We agree. The Mortgage and Note provided that Star Homes would pay installments of $645.52 on the first day of each month, beginning in January 2010 and ending with final payment on March 1, 2012. A single untimely payment could constitute default. *Appellants'App*. at 51, 54. In support of its motion for summary judgment, Equity Trust designated its complaint with attached Note and Mortgage, Star Homes's answer, and Henke's affidavit, which averred on November 10, 2011 that the payment due on April 1, 2011 had not been paid and no payments had been made thereafter. While Equity Trust might have designated additional evidence, such as some form of documentation evidencing both payments made and missed payments, we conclude that Equity Trust nevertheless

designated evidence that established a prima facie case that Star Homes was in default for having failed to make payments under the Note.[4]

Having found that Equity Trust established a prima facie case of breach of mortgage and default in payments, we must determine whether Star Homes identified a genuine issue of material fact to preclude summary judgment. In its answer to Equity Trust's complaint, designated by both parties, Star Homes denied each and every allegation of the complaint for foreclosure, which alleged, among other things, that Star Homes had defaulted on the Note and Mortgage "by failing to make the payment due on April 1, 2011 and all subsequent payments[.]" *Appellants' App*. at 47. Thus, Star Homes did not admit it was in default. Equity Homes argues that, in fact, Star Homes has admitted default because counsel for Star Homes at the summary judgment hearing did not refute the allegation that Star Homes had not made any payment since the lawsuit was filed. However, our review of a motion for summary judgment is limited to those materials designated to the trial court, and argument of counsel is not properly designated evidence. *See McEntee*, 970 N.E.2d at 183 n.2 (citing *Richards-Wilcox, Inc. v. Cummins*, 700 N.E.2d 496, 499 n.3 (Ind. Ct. App. 1998)) (argument of counsel is not properly designated evidence). Thus, we do not consider it in our review.

In addition to denying the allegations of the complaint, Star Homes also asserted in its

---

[4] We acknowledge that in *McEntee v. Wells Fargo Bank, N.A.*, 970 N.E.2d 178, 183 (Ind. Ct. App. 2012), this court determined that Wells Fargo's affidavit, which provided the outstanding balance and averred that "according to [Wells Fargo's] records, the Mortgagors are in default" was conclusory and not enough to establish a prima facie case that it was entitled to foreclose on the mortgage. In this case, we have the lender not only stating the balance but also identifying a date certain after which no further payments had been made, namely April 1, 2011. To the extent that *McEntee* could be read to require more than that to establish default, we respectfully disagree and decline to follow it in that regard.

7

answer the affirmative defense of tender of payment. Generally, to prove a defense of tender in a foreclosure action, an individual must show: (1) he made a valid tender of the full amount due; and (2) the tender was kept good by paying it into court for the use and benefit of the party entitled to receive it. *First Fed. Sav. & Loan Ass'n of Gary v. Stone*, 467 N.E.2d 1226, 1233 (Ind. Ct. App. 1984), *trans. denied* (1985). In its answer to the complaint, Star Homes specifically alleged, "Defendants are not in default. Plaintiff lost checks that were mailed. Plaintiff has refused payment for the lost checks." *Appellants'App*. at 43. In his affidavit, Garden, individually and as corporate representative of Star Homes, likewise averred, "Defendants are not in default as Plaintiff lost checks that were sent to him. Additionally, Plaintiff has refused payment for lost checks." *Id*. at 29. Equity Trust asserts that, even assuming the truth of Star Homes's claim that it made payments by check that were lost, "it was incumbent on [Star Homes] to keep the payment good by paying it into the Court," which it did not do, and therefore, the affirmative defense of tender of payment was not available to Star Homes. *Appellee's Br*. at 7.

In support of its position, Equity Trust cites to *McCool v. Decatur County Bank of Greensburg*, 480 N.E.2d 596, 599 (Ind. Ct. App. 1985), where borrowers argued that they had made a tender of payment. The appellate court held that the borrowers were required to show that they made a valid tender of the full amount due and that the tender was kept good by paying it into court for the use and benefit of the lender. *Id*. The borrowers were required to make an additional tender each month as additional moneys became due. *Id*. A panel of this court concluded that where during foreclosure proceedings only five of eleven payments

8

were tendered into court, the defense of tender "was not available" to the borrowers. *Id*.

Subsequently, however, this court in *Samaddar v. Jones & Jones Agency, Inc.*, 766 N.E.2d 1275, 1278 (Ind. Ct. App. 2002), recognized that paying the money into court is "one way" to keep a tender of money good, but recognized that failure to do so upon the filing of a foreclosure action may not be fatal to the defense. There, the borrower's affidavit identified specific dates and times at which he attempted to make payment on his mortgage, but the lender refused and prevented his tender of money. The *Samaddar* court observed that "the requirements of tender vary with [the] facts" and concluded that it was not fatal to Samaddar's defense of tender that his payments were not paid into court. *Id*. at 1279 (quoting *Schulz v. Graham*, 234 Ind. 243, 248-49, 126 N.E.2d 1, 4 (1955)). Likewise, we hold that Star Homes's failure to make payments into court did not prevent it from asserting the affirmative defense of tender of payment.

In *Samaddar*, we recognized that "the granting of summary judgment is inappropriate if the trial court must weigh conflicting evidence to reach a decision." *Id*. at 1279 (citing *Sallee v. Mason*, 714 N.E.2d 757, 761 (Ind. Ct. App. 1999), *trans. denied* (2000)). In this case, the trial court was presented with the following designated evidence: the complaint and Henke affidavit, stating that Star Homes was in default and had not made any payments since April 1, 2011, and the answer and Garden affidavit, denying default and alleging that it had tendered payments that were lost and not applied appropriately.

Both parties to this case contend that the other party's affidavit was self-serving and should not suffice to establish, respectively, that no genuine issue of material fact exists or

9

that a genuine issue of material fact exists to preclude summary judgment. This court has articulated the considerations involved when reviewing a motion for summary judgment based upon self-serving affidavits, "It is error to base summary judgment solely on a party's self-serving affidavit, when evidence before the court raises a genuine issue as to the affiant's credibility." *Insuremax Ins. Co. v. Bice*, 879 N.E.2d 1187, 1190 (Ind. Ct. App. 2008), *trans. denied*. Here, neither party has presented evidence disputing the credibility of the other's affidavit, nor is there inconsistent or evasive language in the designated evidence. Thus, the trial court was presented with conflicting evidence about whether Star Homes was in default or whether it was not in default because it had tendered payment.

When reviewing a summary judgment ruling, we construe the pleadings and designated materials in a light most favorable to the non-movant. *Gallant Ins. Co. v. Oswalt*, 762 N.E.2d 1254, 1263 (Ind. Ct. App. 2002), *trans. denied*. When viewed in the light most favorable to Star Homes as the non-movant, we conclude that the designated evidence before the trial court was adequate to create a factual issue on the issue of tendered payments. *See id.* (insured's allegedly self-serving affidavit held sufficient to create issue of fact precluding summary judgment for insurer); *cf. Otto*, 612 N.E.2d at 139 n.3 (borrowers failed to create factual issue where they asserted in responsive pleading that they had tendered payments to lender, but thereafter failed to designate any evidence to create factual question). Accordingly, we find that summary judgment in favor of Equity Trust was not appropriate.

Reversed and remanded.

NAJAM, J., and RILEY, J., concur.

10