MOORE ET AL. *v.* ANCHOR FEDERAL SAVING & LOAN ASSOCIATION.

[No. 20,707. Filed May 24, 1968.]

*Thomas M. Crowdus,* of Indianapolis, for appellant.

*Johnson & Weaver,* of Indianapolis, for appellee.

SMITH, J.—This cause involves an action by the appellee, Anchor Federal Savings and Loan Association, to collect upon a note and foreclose a mortgage executed by the appellants, Della Cook Moore and Leroy Moore, on September 29, 1958.

The facts, as found in the record most favorable to the appellee, reveal that the promissory note provided for payments of Fifty-Five Dollars per month for a period of ten years, with interest. The note also provided for a ninety day period of grace after a default in payments. The mortgage required the appellants to pay all assessments and taxes levied upon the real estate and to pay insurance premiums required to keep the property properly insured.

Until the time of the suit to foreclose, the appellee had on several occasions received late multiple payments from the appellants on a rather regular basis. Since Della Cook Moore died on September 22, 1959, most of the late payments were made by the appellant, Leroy Moore.

In December of 1966, the appellant was five months delinquent in making his mortgage payments, and in addition he owed the appellee for taxes and insurance payments which he had failed to make and which had been paid by the appellee.

The attorneys for the appellee wrote the appellant advising him of the delinquency and demanding payment within ten days. The appellant mailed a check for the five delinquent payments to the appellee, but the check was not received by the appellee's attorney until after suit had been filed and a sixth monthly payment had accrued. The attorney for the appellee returned the check to the appellant with a letter advising him that if he would pay the full delinquency together with attorney fees and court costs that suit would be dismissed.

The appellant did nothing further, made no further tenders and did not pay any moneys into court.

At the trial, the appellee sought a judgment against the appellants in the sum of One Thousand Three Hundred and Seventy-One Dollars and Twenty Cents, with interest, and reasonable attorney fees, and that the mortgage be foreclosed as against the appellants and the real estate be ordered sold to pay said judgment.

Trial was had by the court without the intervention of a jury, and the court entered a judgment for the appellee. The appellant filed a motion for a new trial which was overruled.

The appellants maintain that the trial court erred in overruling their motion for a new trial, and more specifically contend that delay of the appellee in the prosecution of his rights under the terms of the mortgage constituted such laches as to forfeit the interference of a court of equity and create an equitable estoppel; and that the tender on the part of the appellants of the amount of money necessary to bring the mortgage current, which was refused, constituted a good defense to appellee's action on the note and mortgage.

The appellant above omits the fact that in December of 1965 he owed appellee $141.00 for fire insurance payments and $118.84 for delinquent 1964 taxes paid by appellee.

The appellant did not plead either laches or equitable estoppel in the trial court. Both of these defenses must be specially pleaded. *Midland Bldg. Industries* v. *Oldenkamp* (1952), 122 Ind. App. 347, 357, 103 N. E. 2d 451.

There is nothing in the evidence in this case which would give rise to a defense of either laches or equitable estoppel. The most that the appellant can say is that the appellee has been lenient in permitting the appellant to make late payments. There is no showing that this has prejudiced the appellant in any way, and the appellee has always been willing to accept delinquent payments when the appellant was able to bring them up to date, and would have been willing to accept a delinquent payment in this case at any time if the appellant had been willing to bring the payments, taxes, insurance, attorney fees and court costs up to date.

To prove a defense of tender the appellant must show:

1. That he made a valid tender of the full amount due to the appellee. *Sofnas* v. *John Hancock Mutual Life Ins. Co.* (1939), 107 Ind. App. 539, 544, 21 N. E. 2d 425.

2. That the tender has been kept good. A tender of money is kept good by paying it into court for the use and benefit of the party entitled to receive it. *Schulz* v. *Graham; Kercheval* (1955), 234 Ind. 243, 249, 126 N. E. 2d 1.

The burden of showing tender and that tender was kept good is on the party pleading tender.

The defense of tender is not available to the appellant in this cause because the original tender was not for enough money and the tender was not kept good, either by bringing the money into court or in any other way. The appellant should have paid the tender into court and then should have made an additional tender each month as additional moneys became due. At the very least the appellant should have brought the full amount into court at the time of trial.

Judgment affirmed.

Cook, P. J., Bierly and Pfaff, JJ., concur.

NOTE.—Reported in 237 N. E. 2d 114.