Jack R. DUNFEE, Appellant
(Plaintiff Below),

v.

David E. WAITE and James T. Waite,
Appellees (Defendants Below).

No. 1–482A92.

Court of Appeals of Indiana,
First District.

Aug. 30, 1982.

Rehearing Denied Oct. 4, 1982.

James R. Cotner, Cotner, Mann & Chapman, Bloomington, for appellant.

James M. Secrest, Hilgedag, Secrest & Liptack, Indianapolis, for appellees.

ROBERTSON, Judge.

Jack R. Dunfee (Dunfee) appeals the trial court's decision rendered in favor of David E. Waite and James T. Waite (Waites). Dunfee sought foreclosure on a land sales contract with the Waites.

We affirm.

The record discloses that Dunfee sold real estate to the Waites pursuant to a conditional sales contract in 1974. The contract provided that the Waites were to pay the real estate taxes. At the time this action was initiated, the real estate taxes for 1979 and the first installment of the 1980 taxes had not been paid, such that three installments of taxes were delinquent.

Dunfee became cognizant of the tax deficiency in the spring of 1981. Dunfee twice contracted the Waites concerning this matter, who assured him that the taxes would be paid. Dunfee filed a complaint seeking foreclosure on June 5, 1981. Dunfee borrowed money and paid $927.73 of the delinquent taxes on June 16, 1981.[1] On July 24, 1981, the Waites made partial payment on the taxes to the county treasurer.

---

1. Dunfee was attempting to use his interest in the land as collateral and wanted to avoid the filing of a tax lien against the property.

On February 3, 1982, the day of trial, the Waites paid $767.09 to Dunfee and paid the balance due on the taxes to the county treasurer. The Waites had miscalculated the amount that Dunfee had paid in June. The trial court ordered the Waites to pay $160.64, the difference between the amount Dunfee paid in June and the amount tendered by the Waites at trial. The trial court also awarded Dunfee attorney fees and interest on the amount he paid, but found that it would be a misuse of the court's equitable powers to allow foreclosure.

Dunfee argues that the trial court erred by not ordering foreclosure. The Waites allege that Dunfee did not comply with the notice provisions of the contract, that Dunfee waived his right to foreclose, and that the trial court could refuse to foreclose because it believed that enforcement would be unconscionable.

The Waites contend that Dunfee had a duty to give them 60 days written notice before seeking foreclosure. The contract provided:

Time shall be of the essence of this agreement. If the Purchaser fails to pay any installment of the purchase price or interest thereon, or any installment of taxes on the Real Estate, or assessment for a public improvement, or any premium of insurance, as the same become due, or if such failure continues for a period of sixty days; or if the Purchaser fails to perform or observe any other condition or term of this agreement and such default continues for a period of sixty days after written notice thereof is given to the Purchaser; then Vendor may, at his option:

a. Cancel this agreement and take possession of the Real Estate, and remove Purchaser therefrom, or those holding or claiming under him, without any demand.

b. Declare the entire unpaid balance of this contract immediately due and

payable, and in such event, Vendor may pursue whatever remedies, legal or equitable, are available to collect the entire unpaid balance of the purchase price.

c. Exercise any other remedies available at law, or in equity.

The Waites have misinterpreted the contract language. The contract provides for two types of breaches. The first type of breach results from the failure to make one of the enumerated payments for sixty days after the due date. There is no requirement for written notice of this type of breach. The second type of breach requires written notice, but discussion of this type is not required, since the Waites stipulated that they failed to pay the real estate taxes for more than sixty days after the due date.

■ The Waites have also alleged that Dunfee waived his right to foreclose by allowing them to extend the time of payment. There is no evidence of record to support this argument.[2] The trial court's judgment gives no indication that it ever considered the waiver issue. We therefore conclude that Dunfee did not waive his right to foreclose.

■ The final issue of this appeal is whether the trial court erred in ruling that Dunfee could not seek foreclosure of the contract. In *Skendzel v. Marshall*, (1973) 261 Ind. 226, 301 N.E.2d 641, the supreme court held that the vendor's interest in a land sale contract was in the nature of a lien and that the lien should be enforced through foreclosure proceedings, and not through the forefeiture provision of a contract except under limited circumstances. Dunfee, in the present case, did not seek forefeiture, but sought foreclosure. The trial court held it would be inequitable to allow Dunfee to foreclose. The judgment of the trial court must be upheld if it can be sustained on any legal theory that the evidence supports. *Masson Cheese Corp. v.*

2. The Waites rely upon an affidavit filed in opposition to Dunfee's motion for summary judgment. The affidavit was not introduced into evidence before the trial court in the subsequent trial.

*Valley Lea Dairies, Inc.*, (1980) Ind.App., 411 N.E.2d 716. The evidence discloses that the Waites had demonstrated the defense of tender. To prove the defense of tender, a person must show:

1. That he made a valid tender of the full amount due.
2. That the tender has been kept good. A tender of money is kept good by paying it into court for the use and benefit of the party entitled to receive it.

*Moore et al. v. Anchor Federal Saving & Loan*, (1968) 142 Ind.App. 681, 237 N.E.2d 114.

If a purchaser makes a good tender after default, but before the vendor has commenced foreclosure proceedings, the purchaser has a valid defense to the action. *McFarland v. Christoff*, (1950) 120 Ind.App. 416, 92 N.E.2d 455. In *Moore, supra*, this court ruled that the purchaser could raise the defense of tender if full payment was brought into court at the time of trial.

██ On the day of trial, the Waites submitted almost the entire amount of their default. The record reveals a good faith mistake about the delinquent amount. The trial court did not abuse its discretion by ordering the Waites to pay the discrepancy and by awarding attorneys fees and costs to Dunfee.

The judgment is affirmed.

RATLIFF, P. J., and NEAL, J., concur.