Prasoon Kumar SAMADDAR,
Appellant–Defendant,

v.

JONES & JONES AGENCY,
INC., Appellee–Plaintiff.

No. 47A04–0110–CV–467.

Court of Appeals of Indiana.

May 6, 2002.

David A. Smith, McIntyre & Smith, Bedford, IN, Attorney for Appellant.

Byron W. Steele, Steele & Steele, L.L.C., Bedford, IN, Attorney for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Defendant–Appellant, Prasoon Kumar Samaddar (Samaddar), appeals the trial court's grant of summary judgment in favor of Plaintiff–Appellee, Jones & Jones Agency, Inc. (Jones), on its Complaint for Foreclosure.

We reverse and remand.

## ISSUE

Samaddar raises two issues for our review, one of which we find dispositive and restate as follows: whether the trial court erred in granting Jones' Motion for Summary Judgment.

## FACTS AND PROCEDURAL BACKGROUND

On June 10, 1998, Samaddar and Jones entered into a Contract for Conditional Sale of Real Estate (the "Contract"), whereby Samaddar agreed to purchase from Jones a parcel of real estate located in Lawrence County, Indiana, for the sum of $225,000.00. The terms of the Contract required Samaddar to make a $50,000.00 down payment, which he paid. The balance of the contract price was to be paid in 120 monthly installments of $1,688.80, with a $50.00 penalty for late payment. The Contract also provided for Samaddar to pay any reasonable expense, including attorneys' fees, incurred by Jones in enforcing the terms of the Contract. The Contract also stated:

> Before Seller shall pursue any of his rights or remedies under this Article IX, he shall first give Buyer written notice of the default complained of and Buyer shall have ten (10) days from the posting of such notice to correct any default; provided, however, ten (10) days notice shall be required in the case of any default in payment of any monies agreed to be paid by Buyer under this contract.

(Appellant's Appendix p. 10).

The last payment that Samaddar made under the Contract was on September 12, 2000, which was a partial payment only, and did not bring Samaddar current in his payments. As a result, Jones sent Samaddar notice (the "Notice") on December 4,

2000, that he was in arrears in his payments in the amount of $10,087.20, and that the "10 day notice [period] shall expire at 12:01 a.m. on December 15, 2000. As of December 15, 2000, the payment due December 10, 2000, will likewise be past due." (Appellant's App. p. 11).

Samaddar received the Notice on December 6, 2000, and retained counsel the same day. Also on the same day, Samaddar's counsel sent Jones a counter-proposal for curing the default. Jones rejected Samaddar's counter-proposal in a letter dated December 12, 2000, which also reasserted the December 15, 2000, 12:01 a.m. deadline.

On December 19, 2000, Jones filed its Complaint for Foreclosure, which it amended as of right on January 3, 2001.[1] In its Complaint, Jones stated that it had sent the requisite ten (10) day notice letter, and that Samaddar "failed to bring the contract up to date as provided for in such 10 day notice." (Appellant's App. p. 4). Samaddar filed his Answer on February 1, 2001, denying that he had failed to make the necessary payment pursuant to the Notice, and asserting the affirmative defenses of tender of payment, estoppel, and waiver.

On May 8, 2001, Jones filed a Motion for Summary Judgment, which was supported by the affidavit of Jones' corporate secretary wherein she stated: "Defendant Samaddar did tender to attorney Steele's office $11,776,00 after 12:01 AM on December 15, 2000, but such tender, since it was after the deadline set forth in the 10 day notice, was refused. No amounts have been tendered since that date." (Appellant's App. p. 18). With its summary judgment motion, Jones also submitted the affidavit of its attorney attesting to the

---

**1.** Jones amended its complaint for the purpose of adding two additional defendants who owned a judgment against Samaddar. They did not participate in these proceedings.

services he had performed to date, and asking for reasonable attorney fees in the amount of $5,000.00.

Samaddar's response to Jones' summary judgment motion included his affidavit, wherein he outlined his attempts to comply with the December 15, 2000 payment deadline imposed by Jones. According to Samaddar's affidavit, once he learned that Jones had rejected his counter-offer, he "proceeded to obtain the total sum of $11,700.00 to make payment on the arrearages alleged as due and the current month's payment." (Appellant's App. p. 28). He supported this assertion with copies of bank checks issued on December 14, 2000, and written for the full amount. Samaddar's affidavit went on to state:

7. The undersigned was out of town working during most of the day of December 14, 2000. The undersigned returned to town at about 6:00 p.m. The undersigned first went to the offices of Jones & Jones Agency, Inc. and attempted to tender payment. No one was there and there was no way to leave the money on the premises securely. The undersigned also went to Mr. Steele's office. No one was there and again there was no way to leave the funds secured properly. The undersigned believes he made every reasonable effort to tender payment on December 14, 2000 prior to the 12:01 a.m. December 15 deadline.

8. Because of the impossibility of performance created by the absence of the Plaintiff and his attorney on the evening of December 14, 2000, the undersigned sent a member of his office staff to Mr. Steele's office on the morning of December 15, 2000 to tender the total payment of $11,700.00. The member of the undersigned's office staff was told that some checking would have to be done before accepting payment. A member of Mr. Steele's staff then claimed after speaking to the offices of Jones & Jones that another $76.00 was due. The undersigned's staff member wrote a check on her personal account for $76.00. However, Mr. Steele's office refused to take any payment because the Jones & Jones office had instructed them to refuse. Mr. Steele's office indicated that Jones & Jones Agency, Inc. would accept no further payments on this account.

9. The Plaintiff's allegations in the lawsuit suggesting that the undersigned has failed and refused to comply with the default notice is untrue. The undersigned is still ready, willing and able to catch up any and all arrearages once properly determined and to continue on with the terms of the Contract.

10. The reason for the failure to tender the sums due prior to the Plaintiff's imposed deadline is because of the Plaintiff's failure to be properly available prior to 12:01 a.m. on December 15, 2000. At no time did the Plaintiff or his attorney ever suggest that the deadline would be at the end of the business day on December 14, 2000. The undersigned believes that the Plaintiff is not entitled to either foreclosure or forfeiture because failure of performance is in fact the fault of the Plaintiff herein.

(Appellant's App. p. 28).

On August 6, 2001, the cause was submitted to the trial court on the parties' pleadings and designated evidence. After taking the matter under advisement, the trial court issued its Summary Judgment Decree (Decree) that found, in relevant part:

2. That [Samaddar], at the time of the filing of the Complaint herein, was in arrears in his payments due under the contract in the sum of $11,776.00 plus per diem interest from and after Decem-

ber 11, 2000, at the rate of $49.78 per day.

3. That [Jones], under date of December 4, 2000, gave [Samaddar] ten (10) days written notice (from the posting of such notice) to correct such default, but [Samaddar] failed to bring the contract up to date as provided for in such ten (10) day notice.

4. That [Samaddar] has defaulted upon the obligations imposed upon him by the [Contract] dated June 10, 1998. . . .

\*     \*     \*

8. The Court further finds that upon default, pursuant to the terms of the [C]ontract, [Jones] would be entitled to Court costs and reasonable attorney's fees from [Samaddar].

(Appellant's App. p. 38). The trial court then entered judgment in favor of Jones in the amount of $207,741.21, which included an award of $13,775.13 in attorney fees.

Samaddar now appeals.

### DISCUSSION AND DECISION

This case comes to us on a grant of summary judgment from the trial court. Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). In reviewing a decision upon a summary judgment motion, we apply the same standard as the trial court. *Miller v. NBD Bank, N.A.*, 701 N.E.2d 282, 285 (Ind.Ct. App.1998). The moving party bears the burden of showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Id.* Once this burden has been met, the non-moving party must respond by setting forth specific facts demonstrating a genuine need for trial, and cannot rest upon the allegations or denials in the pleadings. *Id.* We review only the designated evidentiary material in the record, construing that evidence liberally in favor of the non-moving party so as not to deny that party its day in court. *Id.*

Samaddar contends that he created a genuine issue of material fact with his affidavit submitted in response to Jones' motion for summary judgment because the affidavit contained uncontroverted evidence of tender of payment and, as a general rule, "[i]f a purchaser makes a good tender after default, but before the vendor has commenced foreclosure proceedings, the purchaser has a valid defense to the action." *Dunfee v. Waite*, 439 N.E.2d 664, 666 (Ind.Ct.App.1982). Generally, a tender, to be legal and effective, must be made to the payee or his representative at the proper time and place. *McFarland v. Christoff*, 120 Ind.App. 416, 423, 92 N.E.2d 555, 558 (1950).

Jones, on the other hand, argues that Samaddar's affidavit failed to create a genuine issue of material fact because it failed to establish the necessary elements for a legal tender. Specifically, Jones contends that to prove the defense of tender, one must show that he made a valid tender of the full amount due, and that the tender has been kept good. *Dunfee*, 439 N.E.2d at 666. One way to keep a tender of money good is to pay it into the court. *Id.* Jones maintains that Samaddar's defense of tender fails, not only because the money due was not paid into the court upon commencement of the suit, but also because Samaddar failed to allege that he tried to find any of Jones' officers, or its attorney, at home during the evening of December 14, 2000. According to Jones, "it is the duty of the debtor who owes money to seek his creditor and pay the debt wherever the creditor may be found in the state" (citing *King v. Finch*, 60 Ind. 420 (1878)). (Appellee's Brief at 17). To accept Jones' argument, however, would permit an un-

scrupulous creditor to hide from a debtor until the time for payment had lapsed. Moreover, Jones could have eliminated this problem at the outset by setting forth in the Notice that payment was to be made during regular office hours, as is commonly done.

■ Moreover, the conditions necessary to make a tender legal may be waived by the creditor. *McFarland,* 120 Ind.App. at 423, 92 N.E.2d at 558. Here, Jones twice sent Samaddar written correspondence that the "10 day notice [period] shall expire at 12:01 a.m. on December 15, 2000." (Appellant's Appendix at 11). According to Samaddar's affidavit, which Jones did not refute, Samaddar was diligent in his efforts to resolve the matter, first with his counteroffer, and then when that was rejected, in obtaining bank checks for the full amount due, which he then attempted to tender prior to the deadline. Thus, the uncontroverted facts demonstrate that the reason Samaddar's tender failed was due arguably to no fault of his own.

As our supreme court stated in *Schulz v. Graham,* 234 Ind. 243, 248–49, 126 N.E.2d 1, 4 (1955):

Evidence ... show[s] that the plaintiff (appellant herein) refused, waived, and prevented tender. Under the circumstances of this cause, assumption that appellees were required to pay into court the pleaded tender is unwarranted. There is no rule as to tender which is of universal application in all classes of cases.

'And although the statutes imply the necessity of paying a tender into court in order to stop interest, the courts will apply the rules of equity when it is necessary, to do equal justice between the parties.' 52 Am.Jur., Tender, § 34, p. 239.

\*     \*     \*

[T]he requirements of tender vary with facts. In this case where appellant, to whom tender was to be made, by his own conduct, prevented and refused the tender, he cannot now complain of that which he prevented and refused to permit being done.

*Id.* (citation omitted). Thus, contrary to Jones' assertion, it was not fatal to Samaddar's tender that it was not paid into court upon the filing of the foreclosure action because Jones had previously rejected the tender offer. *Id.*

■ Samaddar's affidavit clearly created an issue of fact. "A factual issue is said to be 'genuine' if a trier of fact is required to resolve the opposing parties['] differing versions of the underlying facts. A fact is 'material' for the purposes of a summary judgment motion if it facilitates the resolution of any of the issues involved." *York v. Union Carbide Corp.,* 586 N.E.2d 861, 864 (Ind.Ct.App.1992). Here, the main issue to be resolved by the trial court was whether Samaddar had defaulted under the Contract, including the ten (10) day notice provision for curing any default. The trial court found that Samaddar "failed to bring the contract up to date as provided for in such ten (10) day notice." (Appellant's Appendix at 37). The trial court, however, failed to explain how it reached this conclusion. We assume, therefore, that it did so by improperly weighing, and then rejecting, Samaddar's evidence. *See Sallee v. Mason,* 714 N.E.2d 757, 761 (Ind.Ct.App.1999) (The granting of a motion for summary judgment is inappropriate if the trial court must weigh conflicting evidence to reach a decision).

For the above reasons, we conclude that the trial court erred in granting Jones' Motion for Summary Judgment, and we

reverse and remand for proceedings consistent with this opinion.

Reversed and remanded.

MATHIAS, J., concurs.

BROOK, C.J., dissents with separate opinion.

BROOK, Chief Judge, dissenting.

I respectfully dissent. In my view, Samaddar made a legal and effective tender to Jones on the morning of December 15 and is therefore entitled to summary judgment.

As the majority correctly observes, "[i]f a purchaser makes a good tender after default, but before the vendor has commenced foreclosure proceedings, the purchaser has a valid defense to the action." *Dunfee v. Waite*, 439 N.E.2d 664, 666 (Ind. Ct.App.1982), *trans. denied.* Here, Samaddar tendered $11,776.00 to Jones's attorney on the morning of December 15, after the 12:01 a.m. deadline [2] but before Jones initiated foreclosure proceedings on December 19. "Generally a tender to be legal and effective must be made in money by the payor or his representative to the payee or his representative at the proper time and place. Any of the conditions necessary to make a tender legal may be waived." *McFarland v. Christoff,* 120 Ind.

App. 416, 423, 92 N.E.2d 555, 558 (1950). According to the affidavit of Jones's secretary, Jones refused Samaddar's tender "since it was after the deadline set forth in the [Notice.]" Appellant's App. at 18. By refusing Samaddar's tender only on the grounds that it was made "after the deadline set forth in the [Notice]," Jones waived any objection to the amount, manner, medium, and place [3] of the tender. *See McFarland,* 120 Ind.App. at 423, 92 N.E.2d at 558; *see also Chesterton State Bank v. Coffey,* 454 N.E.2d 1233, 1236 (Ind.Ct.App.1983) (holding that appellant was estopped from claiming that tender was defective "on the ground of unreasonable conditions on the back of the check," where appellant had "never complained of the problem at the time [appellee] first proffered the check"). Even assuming, *arguendo,* that Samaddar defaulted under the Contract by failing to make a legal and effective tender before the deadline, the fact that he made an otherwise unobjectionable tender after the deadline but before Jones initiated foreclosure proceedings makes his tender legal and effective for purposes of this appeal.

Nevertheless, Samaddar would still have to show that the tender has been "kept good by paying it into court for the use and benefit of the party entitled to receive it." *Dunfee,* 439 N.E.2d at 666. Ordinarily,

---

**2.** In my view, the question of whether Samaddar defaulted under the Contract is ultimately immaterial. The dispositive question is whether Samaddar made a legal and effective tender. If Samaddar made such a tender *before* the deadline, then he would be entitled to summary judgment; if Samaddar made such a tender *after* the deadline but before Jones initiated foreclosure proceedings, then he would be equally entitled to summary judgment. Because we may rely on well-settled law in holding that Samaddar made a legal and effective tender on the morning of December 15, I do not believe that we may address the potentially novel question of whether he made a legal and effective tender on the evening of December 14. *See Carmel*

*Natural Gas & Improvement Co. v. Small,* 150 Ind. 427, 434, 50 N.E. 476, 477 (1898) ("[W]henever the appellate tribunal undertakes to adjudicate questions not necessary to the decision of the case, the law stops where necessity stops, because the court has no right to conclude strangers to the litigation, even in declaring what the law is, where there is no necessity for it.").

**3.** The Contract provides that "[a]ll payments due hereunder shall be made to [Jones's principal place of business] or at such other place as [Jones] shall designate in writing." Appellant's App. at 7.

however, "a tender need not be kept good when it appears that it would not be accepted." *Cleveland, C., C. & St. L. Ry. Co. v. Anderson Tool Co.*, 180 Ind. 453, 460, 103 N.E. 102, 105 (1913). Jones unequivocally refused to accept Samaddar's tender and thereby relieved him of his obligation to keep the tender good by paying it into court. *Cf. Moore v. Anchor Fed. Sav. & Loan Ass'n*, 142 Ind.App. 681, 682–84, 237 N.E.2d 114, 115–16 (1968) (holding that mortgagor appellant's tender "was not for enough money and the tender was not kept good, either by bringing the money into court or in any other way," where "[t]he attorney for the [mortgagee] returned the check to the [mortgagor] with a letter advising him that if he would pay the full delinquency together with attorney fees and court costs that suit would be dismissed").

In the absence of a genuine issue of material fact, I would reverse the trial court's entry of summary judgment in favor of Jones and remand with instructions to enter summary judgment in favor of Samaddar. I would also reverse the trial court's award to Jones of $13,775.13 in attorney fees as an abuse of discretion and remand with instructions to award Jones the $5,000.00 that its attorney had represented via affidavit would be the "reasonable attorney fee" that Jones would incur "in this matter." [4] Appellant's App. at 20.

4. Section IX of the Contract provides that "[Samaddar] shall pay any reasonable expense, including attorneys' fees, incurred by [Jones] in connection with the exercise of any right or remedy under this contract, and the

preparation and delivery of notice." Appellee's App. at 9.